IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

JEFFREY ROTHMAN,

    PLAINTIFF

    vs                                      *COMPLAINT*
                                               *CIVIL No.*_____

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE DETECTIVE
ANDREW WUNSCH, Shield # 6570, in his
individual and official capacities, NEW YORK
CITY POLICE SERGEANT VINCENT FLORES,
Shield # 3903, in his individual and official
capacities,  NEW YORK CITY POLICE
DEPARTMENT DEPUTY COMMISSIONER FOR
LEGAL MATTERS LAWRENCE BYRNE, in his
individual and official capacities, NEW YORK CITY
POLICE COMMISSIONER JAMES O'NEILL,
in his official capacity,

    DEFENDANTS
_____

   Plaintiff Jeffrey Rothman, by and through the undersigned attorney, hereby and herein
alleges, avers, and states:

## I.  *INTRODUCTION*

   1.  This is a litigation which arises out of an incident that commenced on December

13, 2017 at about 4:40 P.M. at the reception desk in the lobby of One Police Plaza, New

York City during which incident Plaintiff Rothman was: (*a*) subjected to discourtesy on

the part of agents and employees of the New York City Police Department (party

Defendant New York City Police Detective Andrew Wunsch and party Defendant New

York City Police Sergeant Vincent Flores) ; (*b*) was subjected by them to unnecessary

and unreasonable force and detention/ restraint; and (*c*) had his property unreasonably

and unnecessarily seized by them and without probable cause for the seizure.

2.  Subsequent to the December 13, 2017 incident and after formally seeking relief against party Defendants Wunsch and Flores in a  December 28, 2018 dated letter addressed to party Defendant New York City Police Department Deputy Commissioner for Legal Affairs Lawrence Byrne and to New York City Corporation Counsel Zachary Carter and further in an early 2018 dated formal Complaint to the New York City Civilian Complaint Review Board, the former of which resulted in no relief being accorded and the latter of which resulted in a referral by the Civilian Complaint Review Board of a substantiated charge against party Defendant Andrew Wunsch to the New York City Police Department,  Plaintiff Rothman was denied access to any information about the referral by the Civilian Complaint Review Board to the New York City Police Department and otherwise about the actions and inaction of the party Defendant City of New York to address his request*s* to the party Defendant City of New York that party Defendants Wunsch and Flores be disciplined for the conduct in which they engaged against  Plaintiff Rothman on December 13, 2017 (as described more specifically hereinafter).

3.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York including among other rights Plaintiff Rothman's Fourth Amendment rights related to the seizure of property taken from him, his Fourth and/or Fourteenth Amendment right related to the use of force employed against him during the incident and related to his detention/restraint of movement during the course of the incident, and his First Amendment right to Petition government and his Fourteenth Amendment right to due process, both of which First and Fourteenth

Amendment rights derive from his right to know the outcome of the actions taken by the City of New York to address his Complaints to the City of New York as a consequence of Plaintiff Rothman's post December 13, 2017 Complaints/Petitions to the government/ party Defendant City of New York  to secure disciplinary actions by the government/party Defendant City of New York and its police agency against the wrongfully and unlawfully acting party Defendants Wunsch and Flores as agents and employees of the New York City government;  and to secure all relevant information associated therewith.

4.  While Plaintiff Rothman seeks only nominal compensatory damages and in addition reasonable albeit more than nominal punitive damages Plaintiff against party Defendants Wunsch and Flores and Byrne for their violation of his Fourth and/or Fourteenth Amendment rights related  to the conduct taken by party Defendants Wunsch and Flores during the incident itself and the sanctioning of the same by party Defendant Byrne subsequent thereto,  Plaintiff Rothman seeks only  declaratory and injunctive relief with respect to his First and Fourteenth Amendment claims against party Defendants City of New York, New York City Police Department Deputy Commissioner for Legal Affairs Lawrence Byrne, and New York City Police Commissioner James O'Neill, the latter two in their official capacities.

## II. *JURISDICTION*

5.  Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Acts of 1871, 42 U.S.C. Section 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York

6.  The Plaintiff requests that the Court invoke pendent claim and pendent party jurisdiction.  The State law claims derive from the same occurrences and transaction/event which gives rise to the federal law claims; and they have a common nucleus of operative fact with the federally based claims.

7.  The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, *et seq.*, this being an action in which the Plaintiff seeks, in addition to monetary damages, declaratory and injunctive relief.

8.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

9.  The Plaintiff has filed a timely Notice of Claim with the party Defendant City of New York. More than thirty (30) days have elapsed since the filing of the Notice of Claim; and advisement or payment thereof has been neglected or refused.

### III. *THE PARTIES*

A.   *PLAINTIFF*

10.   Plaintiff Jeffrey Rothman is forty five (45) years old.

11.  The Plaintiff was born in New York City in 1973.

12.  The Plaintiff has a long term partner; and, with her, he is the father of a nine year old daughter.

13.  The Plaintiff is an American citizen and resident of the City of New York.

14.  The Plaintiff obtained a Bachelor of Arts degree from Emory University in Atlanta, Georgia in 1995.

15.  Plaintiff obtained a law degree from the University of Pennsylvania's Law School in 2001.

16.  The Plaintiff is licensed to practice law in the State of New York, the Commonwealth of Pennsylvania (inactive status), the United States District Courts for the Southern, Eastern, and Northern Districts of New York, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court.

17.  Plaintiff Rothman is a solo practitioner who has maintained an office for the practice of law in the City of New York since 2004.

18.  Plaintiff Rothman specializes in civil rights trial and appellate litigation

B.  *DEFENDANTS*

19. The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which, under the enabling law of the State of New York, has, among other powers, the power to maintain agencies for the purpose of carrying out the governmental functions of the City of New York.

20. Defendant New York City Police Detective Andrew Wunsch and Defendant New York City Police Sergeant Vincent Flores are employees and agents of the party Defendant City of New York who perform public functions for and on behalf of the City of New York to which they are responsible in their roles as employees and agents of the party Defendant City of New York.

21.  Although the actions and conduct hereinafter described were unlawful and wrongful and otherwise violated the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and as guaranteed under the laws and Constitution of

the State of New York,  the actions and conduct of each of the foregoing persons, individually and/or collectively and in concert one with the other, were taken in and during the course of his duties and functions as employees and agents of the City of New York and incidental to the otherwise lawful performance of their duties and functions as employees and agents of the party Defendant City of New York.

22.  Defendant New York City Police Department Deputy Commissioner for Legal Affairs Lawrence Byrne and Defendant New York City Police Commissioner James O'Neill are agents and employees of the party Defendant City of New York who perform functions for and on behalf of the party Defendant City of New York to which they are responsible in their roles as employees and agents of the party Defendant City of New York and on whose behalf they make policies for the party Defendant City of New York.

23.  Plaintiff Rothman seeks only declaratory and injunctive relief against party Defendant O'Neill (in his official capacity).  Plaintiff Rothman seeks declaratory and injunctive relief against party Defendant Byrne in his official capacity; although, as described hereinafter, Plaintiff Rothman also seeks monetary damages against party Defendant Byrne in his individual capacity for his sanctioning conduct of the actions of party Defendants Wunsch and Flores (as such sanctioning conduct is described hereinafter).

## IV. *ALLEGATIONS*

24.  This is a litigation which arises out of an incident that commenced on December 13, 2017 at about 4:40 P.M. at the reception desk in the lobby of One Police Plaza, New York City during which incident Plaintiff Rothman was: (*a*) subjected to discourteous on the part of agents and employees of the New York City Police Department (party

Defendant New York City Police Detective Andrew Wunsch and party Defendant New York City Police Sergeant Vincent Flores) ; (_b_) was subjected by them to unnecessary and unreasonable force and detention/restraint; and (_c_) had his property unreasonably and unnecessarily seized by them; and for which there was no probable cause to justify their seizure of his property.

25.   Subsequent to the December 13, 2017 incident and after formally seeking relief against party Defendants Wunsch and Flores in a  December 28, 2018 dated letter addressed to party Defendant New York City Police Department Deputy Commissioner for Legal Affairs Lawrence Byrne and to New York City Corporation Counsel Zachary Carter and further in an early 2018 dated formal Complaint to the New York City Civilian Complaint Review Board, the former of which resulted in no relief being accorded and the latter of which resulted in a referral by the Civilian Complaint Review Board of a substantiated charge against party Defendant Andrew Wunsch to the New York City Police Department,  Plaintiff Rothman was denied access to any information about the referral by the Civilian Complaint Review Board to the New York City Police Department and otherwise about the actions and inaction of the party Defendant City of New York to address his request*s* to the party Defendant City of New York that party Defendants Wunsch and Flores be disciplined for the conduct in which they engaged against  Plaintiff Rothman on December 13, 2017 (as described more specifically hereinafter).

26.   This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York including among other rights Plaintiff

Rothman's Fourth Amendment rights related to the seizure of property taken from him, his Fourth and/or Fourteenth Amendment right related to the use of force employed against him during the incident and related to his detention/restraint associated with the incident, and his First Amendment right to Petition government and his Fourteenth Amendment right to due process, both of which First and Fourteenth Amendment rights derive from his right to know the outcome of the actions taken by the City of New York to address his Complaints to the City of New York as a consequence of Plaintiff Rothman's post December 13, 2017 Complaints/Petitions to the government/ party Defendant City of New York  to secure disciplinary actions by the government/party Defendant City of New York and its police agency against the wrongfully and unlawfully acting party Defendants Wunch and Flores as agents and employees of the New York City government;  and to secure all relevant information associated therewith.

27.  While Plaintiff Rothman seeks only nominal compensatory damages and in addition, reasonable albeit more than nominal punitive damages against party Defendants Wunsch and Flores  and Byrne for their violation of his rights, Plaintiff Rothman seeks declaratory and injunctive relief with respect to his First and Fourteenth Amendment claims against party Defendants City of New York, New York City Police Department Deputy Commissioner for Legal Affairs Lawrence Byrne, and New York City Police Commissioner James O'Neill, the latter two in their official capacities.

28.  On December 13, 2017, at approximately 4:40 P.M., Plaintiff Rothman was given authorized entry into the lobby of One Police Plaza where the New York City Police Department maintains its central offices by the security personnel of the New York City Police Department located at the security station outside of the One Police Plaza building.

29.  Plaintiff Rothman was at the location to serve legal papers (a Summons and Complaint).

30.  The Plaintiff went through the metal detectors prior to entering into the One Police Plaza building lobby; and he then proceeded to the circular reception desk in the One Police Plaza lobby.

31.  Party Defendant Andrew Wunsch was then assigned at the circular reception desk.

32.  Party Defendant Wunsch informed the Plaintiff that the outside security personnel should not have sent the Plaintiff through into the building to serve the papers –the reason for which Plaintiff had informed party Defendant Wunsch he had come to the One Police Plaza building.

33.  Party Defendant Wunsch informed the Plaintiff that, pursuant to a recent policy change, the service a Summons and Complaint at One Police Plaza, should be made at the FOIL Unit and that the FOIL Unit had closed at 4:00 P.M.

34.  Plaintiff Rothman, who was familiar with the policies and procedures with respect to the service of Summonses and Complaints at the One Police Plaza building as he had made such services on occasions prior to that date, said to party Defendant Wunsch in a reasonable and professional manner and fashion that he would like to obtain a pass from party Defendant Wunsch in order to affix such to his clothes and to go to the Manhattan Court Section Unit in Room # S-139 to effect the service; or alternative to a pass, that he would like to be escorted to the location in order to leave the Summons and Complaint at that Unit.

35.  In that regard, Plaintiff Rothman had done such many times prior to that date without problem or incident.

36.  Party Defendant Wunsch denied Plaintiff Rothman both of his alternative requests.

37.  Plaintiff Rothman then stated that he would leave the Summons and Complaint with the party Defendant Wunsch.

38.  Plaintiff was aware that, under the law and where entry is denied by for example a doorman or a security agent at a building to effect service on someone in the building, the Summons and Complaint can be left with the doorman or security personnel so long as such service is then followed up with a mailing of the same to the individual at the address to which he was leaving the same with the door person or security person because of the denial by the doorman/security individual of entry into the building.

39.  At that point in time, when the Plaintiff was being denied the alternatives described above, the Plaintiff tried to look at party Defendant Wunsch's nameplate in order to obtain his name and shield number so that he—Plaintiff Rothman- could then, upon returning to his office, execute an Affidavit of Service stating that the Summons and Complaint had been left with Defendant Wunsch.

40.  As that time, party Defendant Wunsch angrily directed the Plaintiff to stop writing his name down and party Defendant Wunch aggressively ---Plaintiff would categorize it as violently, grabbed the Plaintiff's pen and wrenched it out of the Plaintiff's hand.

41.  There was absolutely no legitimate law enforcement justification for the aggressive, violent, seizure by party Defendant Wunsch of the Plaintiff's person and property; and no probable cause whatsoever for the seizure.

42.  The seizure violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution which prohibits the seizure of an individual's person and/or

property without a legitimate law enforcement justification for such, the latter of which, as noted, was totally lacking under the circumstances as described.

43.  At that point, party Defendant Wunsch stated to the Plaintiff that he had called for his Sergeant to come to the desk.

44.  Plaintiff asked party Defendant Wunsch to return his pen on several occasions.

45.  Only after multiple requests by the Plaintiff that party Defendant Wunsch return his pen did party Defendant did Wunsch then return the Plaintiff's pen to the Plaintiff.

46.  Party Defendant Sergeant Vincent Flores appeared and came over to the circular reception desk.

47.  Party Defendant Flores also refused the Plaintiff entry into the building, beyond the reception desk, to allow the Plaintiff to make the service of the Summons and Complaint papers at the Manhattan Court Section unit.

48.  Plaintiff informed party Defendant Flores that party Defendant Wunsch had aggressively wrenched the Plaintiff's pen out off the Plaintiff's hand and only returned it to him after the Plaintiff had to make multiple requests that party Defendant Wunsch return the pen to the Plaintiff.

49.  Plaintiff gave party Defendant Flores his business card; and the Plaintiff informed party Defendant Flores that, since he was being refused further access into the building to effect the service, the Plaintiff was leaving the papers with party Defendant Flores to effect the service.

50.  When the Plaintiff informed party Defendant Flores of such, party Defendant Flores angrily picked up the documents from the desk where they were situated and he aggressively- Plaintiff would describe it as violently- threw them at the Plaintiff, striking

the Plaintiff and causing the documents to then fall to the floor next to the reception desk in the lobby at One Police Plaza.

51.  Party Defendant Flores then directed the Plaintiff to leave One Police Plaza.

52.  Plaintiff Rothman complied with the directive, leaving the Summons and Complaint on the floor where they had fallen after party Defendant Flores threw the papers at the Plaintiff and as party Defendant Wunsch unnecessarily walked with the Plaintiff as the Plaintiff was complying with party Defendant Flores' directive. Plaintiff Rothman would describe the Wunsch escort as a custodial detention/restraint of the Plaintiff as the Plaintiff's liberty/freedom of movement was being unnecessarily and unreasonably constrained and restrained without a legitimate law enforcement justification for the same given that the Plaintiff was complying with the Flores directive that Plaintiff Rothman leave the One Police Plaza lobby and building (Plaintiff Rothman was, in effect, being seized).

53.  On December 29, 2017, the Plaintiff served a December 28, 2017 dated letter on the respective offices of party Defendant Lawrence Byrne and on Zachary Carter, Corporation Counsel of the City of New York requesting that the party Defendant City of New York discipline party Defendants Wunsch and Flores for their improper, unlawful, unconstitutional conduct; and requesting that he be informed of what disciplinary actions were taken to address the situation.

54.  The Plaintiff also informed party Defendant Byrne and Zachary Carter in the December 28, 2017 dated letter that the party Defendant City of New York preserve all evidence related to the December 13, 2017 incident including all video and audio tapes (among other materials).

55.  In addition to the December 28, 2017 dated letter Petition/Complaint to party Defendant Byrne and to Zachary Carter, the Plaintiff filed a further Petition/Complaint in early January, 2018 with the New York City Civilian Complaint Review Board seeking to have the party Defendants Wunsch and Flores disciplined for their December 13, 2017 conduct.

56.  On April 24, 2018, Plaintiff received a telephone call from a Sergeant Swetsky.

57.  Sergeant Swetsky informed the Plaintiff that he had spoken with party Defendant Wunsch about the December 13, 2018 incident and that there was no wrongdoing by party Defendant Wunsch because the one aspect of the incident that he had addressed with party Defendant Wunsch was that party Defendant Wunsch had failed to provide the Plaintiff with his name and Shield number and the Plaintiff had been able to obtain such without party Defendant Wunsch affirmatively providing such to the Plaintiff.  Therefore and as far as the party Defendant City was concerned, there was no failure to by party Defendant Wunsch to provide his name and Shield number to the Plaintiff.

58.  Sergeant Swetsky further stated that, as for other aspects of the December 13, 2018 incident—the wrenching and the seizure of the pen from the Plaintiff's hand by party Defendant Wunsch and the throwing of the Summons and Complaint by party Defendant Flores at the Plaintiff and the striking of the Plaintiff with such, those matters would have to be investigated by the New York City Civilian Complaint Review Board and the party Defendant City of New York, through the New York City Police Department, would not otherwise undertake to investigate those allegations independent of the Civilian Complaint Review Board.

59.  It is believed that Sergeant Swetsky acted for and on behalf of party Defendant Byrne and at his direction in undertaking the investigation and coming to the conclusions that he did, conclusions it is believed that party De4fendant Byrne adopted.

60.  It is further believed that, by Sergeant Swetsky's conduct for and in behalf of party Defendant Byrne and at party Defendant Byrne's direction, party Defendant Byrne sanctioned and adopted the unlawful conduct of party Defendants Wunsch and Flores, making it his conduct as their supervisor  through the command structure.

61.  On August 1, 2018, the New York Civilian Complaint Review Board informed the Plaintiff that it had investigated the Petition/Complaint previously filed by the Plaintiff with the Civilian Complaint Review Board about the December 13, 2017 incident.

62.  The Civilian Complaint Review Board determines under what policy categories any substantive aspect of the Petition/Complaint by an individual to the Civilian Complaint Review Board is to be considered.

63.  The Civilian Complaint Review Board concluded that, as to party Defendant Wunsch, he acted "discourteously toward Jeffrey Rothman"; and it recommended discipline in the form of a command level instruction.

64. The finding and referral was forwarded to party Defendants O'Neill and Byrne.

65. Pursuant to the policies and practices and procedures and protocols, party Defendants  Byrne and O'Neill have the authority to adopt the referral from the Civilian Complaint Review Board (both as to the substantive finding and the recommended discipline); or they have the discretion to modify the same or to disregard the same altogether.

66.  As to an abuse of authority claim against party Defendant Wunsch and as to a discourteous claim against party Defendant Flores, the Civilian Complaint Review Board found those claims to be "unsubstantiated".

67.  While a CCRB "unsubstantiated" finding is not a finding of "substantiation", it is not an "exoneration" of the individual with respect to the charge made against the officer.

68.  What an "unsubstantiated" finding connotes is that, because there is a credibility assessment factor which the Civilian Complaint Review Board determines cannot be resolved, the Civilian Complaint Review Board, in effect, is passing on a substantive finding with respect to the charge against the officer.

69.  In his December 28, 2018 dated letter Petition/Complaint to party Defendant Byrne and to New York City Corporation Counsel, Plaintiff Rothman informed the party Defendant City of New York that he wanted to be informed of what the outcome of the Complaint/Petition and disciplinary process was.

70. Since the Civilian Complaint Review Board referral does not have to be adopted by party Defendants Byrne and O'Neill, the Plaintiff does not know what the outcome of the Complaint/Petition and disciplinary process is; and the Plaintiff has not been provided any information from party Defendants Byrne and O'Neill; or any the materials associated with the Complaint/Petition and disciplinary process flowing therefrom.

71.  The Plaintiff has a right to know under both the First and Fourteenth Amendments to the United States Constitution what the outcome of his Petition/Complaint to government is as it relates to the rights violating conduct of the government's agents and employees directed at him; and whether its agents and employees will suffer discipline for their conduct; and the Plaintiff has an objective expectation that, where there is a

finding against a police officer for the officer's conduct, the Plaintiff will be informed, as part of the process he has triggered to obtain discipline, the outcome of the process.

72. Otherwise the constitutional right to Petition government and the process associated therewith are rendered meaningless if one cannot obtain knowledge of the outcome of a Petition/Complaint.

73.  Because the Plaintiff Rothman continues to serve Summonses and Complaints at One Police Plaza and because in doing so he has encountered Defendant Wunsch on at least two occasions subsequent to the December 13, 2017 incident while serving process at One Police Plaza, he is likely to further encounter party Defendants Wunsch and/or Flores during future efforts by him to serve process at One Police Plaza.

74.  The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the First,  Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

75.  The actions, conduct, policies and practices, and customs (the latter of which propelled the conduct herein), violated the Plaintiff's rights under the laws and Constitution of the State of New York.

76.  The Plaintiff has no other adequate remedy in law but for the institution of this litigation in order to secure relief for the violation of his rights as alleged.

V.  *CAUSES OF ACTION*

A.  *FIRST CAUSE OF ACTION*

77.  The Plaintiff reiterates Paragraph #'s 1 through 76 and incorporates such by reference herein.

78. Party Defendant Andrew Wunsch seized the Plaintiff's property without legitimate governmental interest in violation of the Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

79. The Plaintiff suffered injuries and damages.

## B. *SECOND CAUSE OF ACTION*

80. The Plaintiff reiterates Paragraph #'s 1 through 79 and incorporates such by reference herein.

81. Party Defendant Andrew Wunsch seized the Plaintiff's property without legitimate governmental interest in violation of the Plaintiff's rights as guaranteed under the laws and Constitution of the State of New York.

82. The Plaintiff suffered injuries and damages.

## C. *THIRD CAUSE OF ACTION*

83. The Plaintiff reiterates Paragraph #'s 1 through 82 and incorporates such by reference herein.

84. The Plaintiff was subjected unnecessary and an unreasonable force and detention/restraint, the latter with respect to his removal from the One Police Plaza building lobby, by both party Defendants Andrew Wunsch and Victor Flores in violation of the Plaintiff's rights as guaranteed to him under the Fourth and/or Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

85. The Plaintiff suffered injuries and damages.

### D. *FOURTH CAUSE OF ACTION*

86.  The Plaintiff reiterates Paragraph #'s 1 through 85 and incorporates such by reference herein.

87.  The Plaintiff was subjected to unnecessary and an unreasonable force and detention/restraint, the latter with respect to his removal from the One Police Plaza building lobby, by both party Defendants Andrew Wunsch and Victor Flores in violation of the Plaintiff's rights under the laws and Constitution of the State of New York.

88.  The Plaintiff suffered injuries and damages.

### E.  *FIFTH CAUSE OF ACTION*

89.  The Plaintiff reiterates Paragraph #'s 1 through 88 and incorporates such by reference herein.

90.  The oversight actions of party Defendant Byrne has sanctioned the unlawful, improper, and unconstitutional conduct of party Defendants Wunsch and Flores in violation of Plaintiff Rothman's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

91.  The Plaintiff has suffered injuries and damages.

### F.  *SIXTH CAUSE OF ACTION*

92.  The Plaintiff reiterates Paragraph #'s 1 through 91 and incorporates such by reference herein.

93.   Upon the filing of a Complaint by the Plaintiff with the New York City Civilian Complaint Review Board, an entity created by  party Defendant City of New York to investigate complaints filed by citizens for alleged wrongful conduct of  New York City police officers as agents and employees of party Defendant City of New York, the New

York City Civilian Complaint Review Board concluded that party Defendant Wunsch engaged in conduct that violated the policies of the party Defendant City of New York in his inter-actions with Plaintiff Rothman; and the New York City Civilian Complaint Review Board referred the matter to the party Defendants Byrne and O'Neill with a recommendation by the New York City Civilian Complaint Review Board that a specific form of disciplinary action be imposed against party Defendant Wunsch for his wrongful conduct against party Plaintiff Rothman.

94.   Under the policies of the party Defendant City of New York, Party Defendants Byrne and O'Neill can accept or reject or modify the referral by the Civilian Complaint Review Board.

95.   Having petitioned the party Defendant City of New York for redress as a consequence of the conduct of party Defendant Wunsch and Flores directed at him and the party Plaintiff's Petition/Complaint having been found to be substantiated in part against party Defendant Wunsch and it having been referred by the New York City Civilian Complaint Review Board, as the investigating entity of the party Defendant City of New York, to party Defendants Byrne and O'Neill, party Plaintiff Rothman has a right, under the First Amendment to the United States Constitution, as part of his First Amendment right to Petition government, in this case party Defendant City of New York, for redress from wrong-doing by the party Defendant City of New York's law enforcement employees and agents, to know the outcome of the referral by the Civilian Complaint Review Board.

96.  Party Defendant City of New York, by the actions and conduct of party Defendants Byrne and O'Neill have refused to provide Plaintiff Rothman information to

which he is entitled under and as part of his First Amendment right to petition government.

97.  To the extent that the party Defendants Byrne and O'Neill refuse to provide Plaintiff Rothman  because they assert such information is a "personnel" related matter and that the documents associated therewith are privileged under  New York State statutory law, the application of the State statutory provisions and/or the State statutory provisions on their face (as interpreted), violate the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution  and the Civil Rights Act of 1866, 42 U.S.C. Section 1983.

98.  Plaintiff Rothman has been injured and damaged and seeks declaratory and injunctive relief against party Defendants City of New York, Byrne, and, O'Neill.

G.  *SEVENTH CAUSE OF ACTION*

99.  The Plaintiff reiterates Paragraph #'s 1 through 98 and incorporates such by reference herein.

100.   Pursuant to and under the process to which the Plaintiff has submitted in connection with his First Amendment right to petition government—in this case the party Defendant City of New York, to address the wrongful conduct of the law enforcement employees and agents of party Defendant City of New York,  Plaintiff Rothman has a Fourteenth Amendment Due Process Clause property interest to know; that is he possessed an objective expectation that, when he submitted to the process provided to him to address what he believed was the wrongful conduct of law enforcement agents and employees of the party Defendant City of New York and a referral was made out of the process accorded him by the party Defendant City of New York under State law to

address the matter resulting in a substantiation of his claim and a referral  to party

Defendants Byrne and O'Neill to take action against the offending law enforcement

employee and agent of the City of New York, he would  be informed by the party

Defendant City of New York, through party Defendant Byrne and party Defendant

101.  Party Defendant City of New York, by the actions and conduct of party

Defendants Byrne and O'Neill have refused to provide Plaintiff Rothman information to

which he is entitled under and as part of his First Amendment right to petition

government.

102.  To the extent that the party Defendants Byrne and O'Neill refuse to provide

Plaintiff  Rothman  because they assert such information is a "personnel" related matter

and that the documents associated therewith are privileged under  New York State

statutory law, the application of the State statutory provisions and/or the State statutory

provisions on their face (as interpreted), violate the Plaintiff's rights under the First

Amendment to the United States Constitution  and the Civil Rights Act of 1866, 42

U.S.C. Section 1983.

103.  Plaintiff Rothman has been injured and damaged and seeks declaratory and

injunctive relief against party Defendants City of New York, Byrne, and, O'Neill.

H.  *EIGHTH CAUSE OF ACTION*

104.  The Plaintiff reiterates Paragraph #'s 1 through 103 and incorporates such by

reference herein.

105.  Pursuant to and under pendent State law and pendent State claim jurisdiction and

independent of the federally based claim against the party Defendant City of New York,

the party Defendant City of New York is responsible, under State law claims, for the

actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of *respondeat superior.*

106.  The Plaintiff suffered injuries and damages.

## I.  *NINTH CAUSE OF ACTION*

107.  The Plaintiff reiterates Paragraph #'s 1 through 106 and incorporates such by reference herein.

108.  If the City of New York elects to represents its employees in a federal court or State court litigation, the City of New York uniformly and as a matter of policy and practice indemnifies the employees for any award of both punitive damages and compensatory damages and pays the settlements of any such litigations and assumes the costs incurred in defending said litigations (without contributions from its employees).

109.  In return, the employees are required to cooperate with the City's attorneys and, in substance, to subordinate any interests to those of the City of New York in the context of the litigation.

110.  The named individual Defendants are employees and agents of the City of New York and their actions and conduct, as described, were taken in the course of their duties and functions as employees and agents of the City of New York; and in their capacities as such, as agents and employees of the City of New York.

111.  Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken pursuant to the otherwise lawful performance of their duties and functions as an agents and employees of the City of New York.

112.  The Plaintiff is entitled to recover against the City of New York as the real party in interest in this litigation for the unlawful and wrongful conduct of its named and

unnamed employees *under the federal claim jurisdiction* pursuant to the doctrine of

*respondeat* *superior*.

113.  The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the

Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction;

[b] Award compensatory and punitive damages;

[c] Award appropriate declaratory and injunctive relief;

[d] Empanel a jury;

[e] Award attorney's fees and costs;

[f] Award such other and further relief as the Court deems to be in the
interest of justice.

DATED: New York, New York
            January 9, 2019

Respectfully submitted,

/s/*James I. Meyerson*____
JAMES I. MEYERSON
510 Fifth Avenue-3rd Floor @ #335
New York, New York 10036
(917) 570-5369
jimeyerson@gmail.com

ATTORNEY FOR PLAINTIFF
BY:_____