UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JEFFREY ROTHMAN,

                Plaintiff,

                -against-

CITY OF NEW YORK, *et al.*,

                Defendants.

-----------------------------------------------------------x

19-cv-225 (CM) (OTW)

**OPINION & ORDER**

**ONA T. WANG**, United States Magistrate Judge:

I. **Introduction**

Plaintiff Jeffrey Rothman brings this action against Defendants The City of New York, Vincent Flores, Andrew Wunsch, Lawrence Byrne, and James O'Neill, for violations of the United States Constitution, the New York State Constitution, and New York State common law of torts. (ECF 1 ¶¶ 77-112). The bulk of Plaintiff's claims have been dismissed and "what we have left is a case about whether Plaintiff is entitled to recover damages under federal and/or state law for the seizure of his pen (which was returned to him within minutes of its being taken from him), and/or for having papers thrown at him by Flores." (ECF 37 at 38-39).

Presently before the Court is Plaintiff's Motion for Sanctions for alleged spoliation of evidence. (ECF 52). Specifically, Plaintiff seeks spoliation sanctions for Defendants' failure to preserve security video footage and audio recordings of the incident. (*Id*. at 1-2). Plaintiff requests that the Court: (1) strike Defendants' answer and enter a judgment on the merits, and/or (2) bar the party Defendants from denying the material aspects of Plaintiff's factual narrative, and/or (3) issue an instruction for an adverse inference, and/or (4) strike Defendants'

1

affirmative defenses, and/or (5) reconsider Plaintiff's Fourth Amendment excessive force claim, and/or (6) reconsider its analysis that Plaintiff did not plead sufficient facts that malice could be reasonably inferred with respect to the claims against Defendants Wunsch and Flores, and/or (7) authorize depositions of various individuals regarding Plaintiff's demand for preservation, and/or (8) require Defendants to bear the costs of recovering the destroyed evidence, and/or (9) award fees. (ECF 52 at 2-3). For the reasons set forth below, Plaintiff's motion is **DENIED**.

## II. Background

### A. Factual and Procedural History

The Court assumes familiarity with the facts as recounted in the Honorable Colleen McMahon's Decision and Order on Defendants' motion to dismiss. (*See* ECF 37 at 3-5).

#### 1. The Discovery Protocol and Scheduling Order

On January 9, 2019, Plaintiff filed his Complaint. (ECF 1). On April 5, 2019, Defendants filed a 12(b)(6) motion to dismiss. (ECF 27). On August 5, 2019, the Court granted in part and denied in part Defendants' motion to dismiss. (ECF 37). The Court also issued a scheduling order at the end of its decision and order, stating:

> Fed. R. Civ. P. 1 provides that the civil rules are to be construed, administered and employed, by the court *and by the parties*, in a manner that promotes the just, speedy and inexpensive determination of cases.
>
> As this is not a case in which the Court would charge punitive damages – that is apparent from the pleadings – **any damages that might be awarded in the event Plaintiff prevails are likely to be negligible, and would be vastly exceeded by the cost of taking extensive discovery. Moreover, none is really needed. This is a "he said-he said" case; Plaintiff has more or less told his story in the complaint, and the officer defendants can easily enough tell their version on the witness stand.**
>
> In short, in order to dispose of this case expeditiously and at minimal cost, what the parties need is to go to trial as soon as possible.

> Therefore, the court enters the following order: within sixty days of the date of this decision, each party must turn over to the other side all discovery required by Rule 26. By order of this court, such discovery includes (1) the name of every witness to the event alleged by Plaintiff and the name of every person within the NYPD who participated in any investigation thereof, together with (2) every single document, piece of paper, email or other electronic communication, memorandum, report or investigative note in its possession, custody or control concerning this incident and Plaintiff's subsequent complaint about it. For purposes of this order and this lawsuit, this applies to investigative notes of the NYPD, but not the CCRB, which is not a party to this case and which will not be added as a party to this case.
>
> In order to effectuate Rule 1, no depositions, requests for production of documents or interrogatories will be allowed, as these methods of discovery would not promote the speedy or inexpensive resolution of this case. The court has already ordered the parties to turn over all documents that are relevant to the remaining claims. Counsel can ask all the relevant questions they want to the witnesses who are called at the trial of this action.

(ECF 37 at 39-40 (emphasis added)).

On August 19, 2019, Plaintiff filed a motion for reconsideration of that decision, which was denied on August 21, 2019. (ECF 38, 40). On August 22, 2019, Plaintiff filed a letter motion for "Discovery Clarification and/or Modification-Amendment of Court's August 5, 2019 dated Expedited Discovery Process and Schedule and Matters Related to the Expedited Scheduled Trial date." (ECF 41). On August 23, 2019, Chief Judge McMahon held that the schedule and protocol set out above had not been changed. (ECF 48). On August 27, 2019, the undersigned denied the motion for clarification, finding that the scheduling order was clear. (ECF 46). On that same day, Plaintiff filed a motion for reconsideration of that order. (ECF 47). On September 10, 2019, that motion was denied. (ECF 51).

### 2. The Instant Motion for Sanctions

On September 10, 2019, Plaintiff filed the instant motion for sanctions on the basis that Defendants failed to preserve security video and, potentially, audio recordings of the incident. (ECF 52).

The incident occurred on December 13, 2017. (ECF 1 ¶ 1). The NYPD and the City of New York maintain security footage for thirty days. (*See* ECF 53 ¶ 17). On December 29, 2017, Plaintiff sent a letter demanding preservation of evidence to the NYPD and the City of New York, and hand delivered the same letter to the Corporation Counsel of the City of New York.[1] (*See* ECF 53 ¶¶ 5-6; ECF 53-1). The demand letter was not received by the NYPD at One Police Plaza, where the incident occurred, until January 10, 2018. (ECF 60-2). Defendants state that due to the volume of mail received by the NYPD, the letter was not processed until January 12, 2018, the same day the footage would have been scheduled to be destroyed. (ECF 59 at 7).[2] Concerning the hand-delivered demand, Defendants state that "due to an undetected innocent delivery error, the preservation letter was not received by the appropriate parties at the Office of the Corporation Counsel and the preservation request was not timely processed." (ECF 59 at 7). After several requests by the Plaintiff, he was later informed that the footage was, in fact, destroyed. (ECF 53 ¶¶ 18-20; ECF 53-3).

### III. Discussion

#### A. This Court's Authority

Pretrial matters "not dispositive of a party's claim or defense" may be referred to a magistrate judge for hearing and decision, subject to review, if timely objections are filed, by

---

[1] The letter included a demand for the preservation of:
> [A]ll documents, electronically stored information (including but not limited to all video footage depicting the entire lobby area of 1 PP, and the outdoor area in front of 1 PP from between 4 p.m. and 5 p.m. on December 13, 2017, and any audio recordings of any conversations had by any member of the NYPD with me during that time period), and tangible things which could reasonably lead to evidence concerning the claims or defenses relating to this matter.

(ECF 53-1 at 3).

[2] In citing to the Defendants' opposition brief, the Court notes that Defendant has failed to submit sworn declarations or other material to support a number of statements made in its opposition.

4

the district judge on a "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). "Discovery motions, including those seeking sanctions . . . are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction deployed disposes of a claim [or defense]." *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15-CV-01095 (PKC) (BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016) (quoting *Lan v. Time Warner, Inc.*, No. 11-CV-2870 (AT) (JCF), 2016 WL 928731, at *1 (S.D.N.Y. Feb. 9, 2016) (internal citations omitted)). "The critical issue . . . is what sanction the magistrate judge actually imposes, not what sanction the moving party seeks." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Group*, 328 F.R.D. 100, 118 (S.D.N.Y. 2018) (quoting Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2, at 383 (Thomson Reuters 2014)). For reasons discussed below, this Court does not find that case-dispositive sanctions are warranted; thus, this Court has the authority to impose them pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a).

**B. Legal Standards**

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999). Rule 37(e) of the Federal Rules of Civil Procedure, amended in 2015, governs sanctions for failure to preserve ESI, and provides as follows:

> (e) **Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) Upon finding prejudice to another party from loss of the

5

> information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) Only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) Presume that the lost information was unfavorable to the party;
>
> (B) Instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) Dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Pursuant to Rule 37(e), Plaintiffs must show that Defendants "acted with the intent to deprive [Plaintiff] of the information's use in the litigation" before the sanctions listed in subsection (2) of Rule 37(e)—i.e., adverse inference, dismissal, or default judgment—are available. Fed. R. Civ. P. 37(e)(2). Absent a showing of "intent to deprive," Plaintiffs' relief is limited to sanctions under subsection (1) of Rule 37(e). Fed. R. Civ. P. 37(e)(2).

**C. Analysis**

Plaintiff asserts that Defendants spoliated security video footage of the area where the incident occurred and possible audio recordings of the same.[3] As an initial matter, the post-2015 Rule 37(e) standard applies to ESI such as this. Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. The parties apparently agree that Defendants did not preserve the security footage. Where the parties disagree is whether the loss of the video occurred with a culpable state of mind, whether Plaintiff can demonstrate that the video is "relevant" under the standard of relevance for spoliation sanctions, and whether Plaintiff can

---

[3] To the extent audio recordings may have existed, the Court's analysis remains the same.

demonstrate he suffered prejudice as a result of the loss.

1. **If Defendants Had A Duty to Preserve, Then The Duty Arose On January 12, 2018 At The Latest**[4]

"The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Zubulake v. USB Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (citing *Kronisch v. United States*, 150 F.3d 112, 126-27 (2d Cir. 1998)). When Plaintiff's letter was processed, Defendants acknowledge that they should have implemented a litigation hold by January 12, 2018. (ECF 59 at 8). Accordingly, for purposes of this motion, Defendants' duty to preserve arose on or before January 12, 2018, when Plaintiff's demand letter was processed.[5] (*See* ECF 53-1; ECF 59 at 7).

2. **State of Mind**

Concerning ESI, Plaintiff must show that Defendants "acted with the intent to deprive [Plaintiffs] of the information's use in the litigation" before the sanctions listed in subsection (2) of Rule 37(e) are available. Fed. R. Civ. P. 37(e)(2). This intent standard is stringent, requiring clear and convincing evidence that the spoliating party acted with the "intent to actually deprive another party of evidence." *Leidig v. Buzzfeed, Inc.*, No. 16-CV-542 (GWG), 2017 WL 6512353, at *11 (S.D.N.Y. Dec. 19, 2017). Absent a showing of "intent to deprive," Plaintiff's

---

[4] Defendants appear to present contradictory positions regarding their duty to preserve. *Compare* ECF 59 at 7-10 (stating "Defendants acknowledge that the City bore a duty to preserve the video in question as evidence once the City was put on notice that it may be relevant to future litigation[,]" and that the preservation letter was processed by the NYPD on January 12, 2018, and received by the Office of Corporation Counsel on December 29, 2017, which erred in not preserving the video), *with id*. at 12 ("to the extent that the Court could find that City agents breached a duty to preserve any of the allegedly spoliated evidence – which defendants deny is the case").

[5] The parties may also dispute the exact day the duty arose, but because January 12, 2018 was within the thirty-day retention period, the Court's analysis is the same.

relief is limited to sanctions under subsection (1) of Rule 37(e).

Here, the circumstances surrounding Defendants' loss of ESI do not support an inference that Defendants acted with the intent to deprive Plaintiff of evidence. Plaintiff was informed that the footage was destroyed in the course of business and pursuant to a pre-existing retention policy. (*See* ECF 53-3). Although no hold had been placed on the day that the demand was processed, Plaintiff has not provided any evidence to support his assertion that the footage was destroyed "because of the intentional – at best deliberate and reckless indifferent – destruction by the Defendant City's agents." (ECF 54 at 13-14). Absent this showing, and applying Rule 37(e), the Court finds Defendants did not lose or destroy the ESI with a culpable state of mind. Thus, Plaintiffs are not entitled to Rule 37(e)(2) sanctions, i.e., an adverse inference instruction, a preclusion order, or a default judgment.

3. **Relevance**

A party's duty to preserve extends to any evidence "likely to have discoverable information that the disclosing party may use to support its claims or defenses." *Zubulake*, 220 F.R.D. at 218 (citing Fed. R. Civ. P. 26(a)(1)(A)). The duty also extends to information that is relevant to the claims or defense of any party. *Id*. (citing Fed. R. Civ. P. 26(b)(1)). A party is not required to preserve every document in its possession. *Id*. at 217. Instead, "[a party] is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Id.* (quoting *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 72 (S.D.N.Y. 1991)). Notwithstanding his specific reference to video and audio recordings in his preservation letter, in this context,

"relevance" means "something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence." *Khatabi v. Bonura*, No. 10-CV-1168 (ER), 2017 WL 10621191, at *7 (S.D.N.Y. April 21, 2017) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108-09 (2d Cir. 2002)). The party "must adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed . . . evidence would have been" favorable to its case. *Id.* (internal quotation marks and citations omitted).

Plaintiff has not adduced sufficient evidence that the video and any possible audio recordings would have been favorable to his case. When there is nothing in the record to suggest "any bad faith or deliberate actions" by Defendants, a "presumption of relevance is unwarranted." *Id*. at 7. "Thus, for sanctions to be warranted, there must be extrinsic evidence to demonstrate that the destroyed evidence . . . would have been unfavorable to the destroying party." *Id*. (internal quotation marks and citation omitted). Plaintiff has not provided any such evidence. What Plaintiff instead provides is a proffer that the video would have depicted his pen being taken, which Defendants do not deny, (ECF 50 ¶ 40), whether Plaintiff's hand and wrist area were grabbed, despite Plaintiff admitting he "simply cannot remember if Wunsch also grabbed" his hand or arm when the pen was taken, (*See* ECF 64 ¶ 7), and whether the papers thrown at him struck his face, despite Plaintiff stating he "cannot recall specifically where on [his] body the papers made contact." (*See* ECF 64 ¶ 8). Plaintiff has not provided anything beyond these vague, noncommittal, and speculative statements, and therefore the Court finds that he has not provided sufficient extrinsic evidence to demonstrate relevance here.

### 4. Prejudice

For similar reasons, Plaintiff has not established prejudice. To the extent any prejudice could exist, it is minimal and must be weighed against the very small amount of potential damages that may be awarded.

The Court has already noted the "he said-he said" nature of this claim and some of the facts underlying the incident are disputed by the parties. Any prejudice to the Plaintiff, however, is heavily mitigated in this case as Defendants and Plaintiff are available to testify to the events that occurred on December 13, 2017. Given this, the recordings are likely to be duplicative and at best used for impeachment purposes. Furthermore, in order to effectuate Rule 1 of the Federal Rules, discovery was limited in this case given the low amount of potential damages. (*See* ECF 37 at 39-40). This remains unchanged. The Court reiterates that this is a case concerning "whether Plaintiff is entitled to recover damages. . .for the seizure of his pen (which was returned to him within minutes of its being taken from him), and/or for having papers thrown at him by [Sergeant] Flores." Given the facts underlying the incident and the potential remedy, the Court declines to grant additional discovery here where the speedy and inexpensive resolution of this case would be severely affected.

### 5. Appropriate Sanctions

Plaintiff requests that the Court, in the alternative: (1) strike Defendants' answer and enter a judgment on the merits, (2) bar the party Defendants from denying the material aspects of Plaintiff's factual narrative, (3) issue an instruction for an adverse inference, (4) strike Defendants' affirmative defenses, (5) reconsider Plaintiff's Fourth Amendment excessive force claim, (6) reconsider its analysis that Plaintiff did not plead sufficient facts that malice could be

reasonably inferred with respect to the claims against Defendants Wunsch and Flores, (7) authorize depositions of various individuals regarding Plaintiff's demand for preservation, (8) require Defendants to bear the costs of recovering the destroyed evidence, and/or (9) award fees. Requests for relief numbered 1 through 4 are solely available under Rule 37(e)(2), which the Court has already found not to apply because nothing in the record suggests that the Defendants destroyed evidence in bad faith or with an intent to deprive. Thus, Plaintiff is not entitled to these requests for relief.

The remaining sanctions requests fall under Rule 37(e)(1), which are discretionary. This is a case where exercise of the Court's discretion under Rule 37(e)(1) is warranted. Given the facts, the lack of a showing of relevance, and the very small degree of prejudice, if any, to Plaintiff, the Court hereby **DECLINES** to award sanctions. Any such award would be greatly disproportionate to the needs of this case and not within the spirit of Rule 1.

Parties are directed to provide a joint status letter by **December 13, 2019**.

**SO ORDERED.**

Dated: New York, New York
November 20, 2019

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge