USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/19

James I. Meyerson
510 Fifth Avenue- 3rd Floor (#335)
New York, New York 10036
(917) 570-5360
jimeyerson@gmail.com
ATTORNEY AT LAW

December 13, 2019

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street-Suite # 24A
New York, New York 10007-1312

*[handwritten endorsement: 12/17/19 OK, now I understand / The City shall fair it — provide ... of ...]*

RE: Jeffrey Rothman vs The City of New York, etc., et al. /19 Civ 0225 (CM) (OTW)

Your Honor:    **MEMO ENDORSED**

    I represent Plaintiff Jeffrey Rothman. I write this letter to/ correct an error in Plaintiff Rothman's December 12, 2019 dated letter-Motion (*Doc. # 83*) in which Plaintiff Rothman seeks leave to file a hard disc with the Clerk of the Court as an Exhibit in support of Plaintiff Rothman's December 12, 2019 Motion for Partial Summary Judgment (*Doc. # 's 77-82*).

    At page two (2) of Plaintiff Rothman's December 12, 2019 letter-Motion, I mistakenly referred to footnote one (1) at pages three (3) of Plaintiff Rothman's Memorandum of Law in Support of his Motion for Partial Summary Judgment (*Doc. # 82*).

    The reference should have been to footnote one (1) at pages three-4 ((3-4) of my Affirmation/ Declaration (*Doc. # 80*) in support of Plaintiff Rothman's Motion for Partial Summary Judgment which states:

> "[1] Some of the New York City Civilian Complaint Review Board documents filed herewith as *Exhibit 2* are rendered difficult to read due to the wide diagonal ribbon that is superimposed across each printed page that states "ONLY FOR USE IN JEFFREY ROTHMAN V. CITY OF NEW YORK, ET AL. 19-CV0225 (CM) (OTW)."
> That ribbon does not appear when the documents are viewed on the computer screen; but the security setting that the party Defendants placed upon the PDF provided to Plaintiff Rothman's counsel in discovery does not allow pages to be extracted from the full PDF file, which could not be electronically filed because it contains Plaintiff Rothman's driver's license and other personal information, which also cannot be redacted due to the party Defendants' security setting upon the PDF.
> Plaintiff Rothman also notes that the word "confidential" was placed upon these documents by the party Defendants without any basis. There is no confidentiality or other order in place in this case that authorized the party Defendants to designate these documents as confidential. The Court should direct party Defendants to provide a PDF

to Plaintiff Rothman's counsel that is free of these burdensome security settings, and that the parties provide the Court with legible versions of all documents relied upon by the parties on the instant motion."

Thank you for your attention and consideration herein.

Sincerely yours,

James I. Meyerson
JIM
copy by ecf:
Kaitlin Fitzgibbon, Esq.
Brian Francolla, Esq.
Jeffrey Rothman, Esq.