

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY ROTHMAN,

Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

Defendants.

No. 19 Civ. 0225 (CM)

# OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

McMahon, C.J.:

This action arises from an altercation that took place on December 13, 2017, when one of the Defendants, New York City Police Detective Andrew Wunsch, grabbed a pen from the hand of Plaintiff Jeffrey Rothman. Dissatisfied with the New York Police Department's disciplinary response to the incident, Rothman filed a nine-count complaint against Wunsch, his supervisors, the NYPD's top brass, and the City, alleging violations of the United States Constitution, the New York State Constitution, and causes of action sounding in New York State common law.

Most of Plaintiff's case was dismissed last year. *See Rothman v. City of New York et al.*, No. 19-cv-225, 2019 WL 3571051, at *18-19 (S.D.N.Y. Aug. 5, 2019) (Dkt. No. 37; "Dismissal Order"). However, the Court allowed a few of Rothman's claims to proceed on the theory that Wunsch may have acted unreasonably when he grabbed -- or, unlawfully seized, as it were -- Rothman's property, thus leaving open the possibility that Defendants could not avoid liability on the grounds of qualified immunity.

1

Because the reasonability of an officer's actions is dependent on the totality of the circumstances, I noted that "the parties need . . . to go to trial as soon as possible" to determine whether Rothman or Wunsch had the more convincing story to tell regarding the pen-pinching incident. (*Id.* at *19.) Rothman disagrees. Pending before the Court is Rothman's motion for summary judgment on his remaining claims, based on the position that the record reveals "a manifest lack of any legitimate law enforcement justification" for Wunsch's actions. (Dkt. No. 82, Pl.'s Br. at 3.)

The motion is DENIED.

## BACKGROUND

### I. Factual Background

The following facts, are drawn from Rothman's Rule 56.1 statement (Dkt. No. 78-1; "Pl.'s 56.1") and Defendants' counterstatement (*See* Dkt. No. 98; "Def.'s 56.1 Response"). The undisputed facts are summarized in the light most favorable to Wunsch, the non-moving party. *See, e.g., Kendall v. Metro-North Commuter R.R.*, No. 12-cv-6015, 2014 WL 1885528, at *2 (citing *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

On December 13, 2017, at approximately 4:40 p.m., Rothman, a civil rights attorney, was attempting to serve a subpoena in the lobby of One Police Plaza, New York City, when he encountered Defendant Wunsch at the reception desk. (Pl.'s 56.1 ¶ 4.) Wunsch informed Plaintiff that the subpoena unit, where such matters are normally directed during business hours, was closed for the day. (*Id.* ¶ 6.) Plaintiff then attempted to serve the subpoena by leaving it at the reception desk with Wunsch, who replied that he could not accept service. (*Id.*) Plaintiff then began writing down Wunsch's name and shield number for the purposes of preparing an Affidavit of Service. (*See* Compl. ¶¶ 39–40.)

Moments later, Wunsch grabbed Rothman's pen right out of his hand. (Pl.'s 56.1 ¶ 8.) According to Rothman, he was using the pen to write while Wunsch became "loud and irate." (*Id.* ¶¶ 6-7.) According to the Defendants, Rothman "became irate and his voice got loud," as he "gestur[ed], flail[ed] and wav[ed] his arms arounds," causing the pen and his hand to pass "extremely close to Detective Wunsch's face." (Def.'s 56.1 Response ¶¶ 27-29.) In the Defendants' account, Wunsch felt "threatened," because, in the past, "patrons of One Police Plaza have hit Detective Wunsch with objects." (*Id.* ¶¶ 30-31.) Although Rothman denies that he was irate, and denies that he put the pen "anywhere near Wunsch's face" (Pl. 56.1 ¶ 12), Wunsch claimed that he was "concerned . . . because plaintiff was disturbing the peace," (Def.'s 56.1 Response, ¶ 32.) The parties agree that Wunsch returned the pen shortly thereafter. (Pl. 56.1 ¶ 8; Def.'s 56.1 Response, ¶ 36.)

Rothman informed the NYPD Civilian Complaint Review Board about the Incident, claiming that Wunsch had acted discourteously and abused his authority as a police officer by grabbing Rothman's pen. (*See* Dkt. No. 80-2, Meyerson Decl. Ex. B.) The CCRB's ensuing investigation substantiated the claim that Wunsch acted discourteously, and recommended that Detective Wunsch receive discipline in the form of command training. (*Id.*) Rothman was notified of that decision on January 8, 2019.

II. **Procedural History**

Rothman brought suit against Wunsch; New York City; Wunsch's commanding officer, Vincent Flores; New York City Police Department Deputy Commissioner for Legal Matters Lawrence Byrne; and New York City Police Commissioner James O'Neill. (Dkt. No. 9, Complaint.) Rothman pleaded a variety of constitutional and state law claims, including

unlawful seizure, excessive force, assault and battery, conversion, and *respondeat superior* as to the City with respect to the common law torts.

Defendants move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) on numerous grounds, including that: (1) Plaintiff fails to plead facts sufficient to plausibly infer that Wunsch violated Plaintiff's constitutional rights; and (2) the individual Defendants are shielded from liability by qualified immunity. The Court granted Defendants' motion in part, and denied it in part, sustaining Rothman's claims for unlawful seizure (Count One), conversion (Count Two), assault and battery (Count Four), and *respondeat superior* liability against the City in connection with Rothman's common law tort claims (Count Eight). (*See generally*, Dismissal Order).

With regard to Defendants' potential qualified immunity defense, the Dismissal Order accepted as true (as its was required to do when assessing a motion to dismiss) Rothman's allegation "that there was no reasonable law enforcement justification for the actions that form the basis of . . . [Rothman's] claims." *Id.* at *18. The Court's conclusion (for purposes of a motion to dismiss that accepted the facts pleaded as true) that Wunsch "had no right to seize the pen" obviously depended upon the allegation that Rothman and Wunsch had become entangled in a "non-threatening disagreement." *Id.* at *6.

Rothman now moves for summary judgment on the remaining claims against Wunsch, as well as on the related claims of vicarious liability against the City, arguing that the CCRB investigation, including its interview of Wunsch, does not reveal "an objectively reasonable legitimate law enforcement need/justification." (Dkt. No. 82, Pl. Br. at 11.) Furthermore, Rothman claims that the Defendants are collaterally estopped from relitigating the reasonableness of the seizure in light of the CCRB's conclusion that Wunsch acted

4

discourteously when grabbing the pen, as well as this Court's comment in the Dismissal Order that "there was no reasonable law enforcement justification" for Wunsch's actions. (*Id.* at 17.)

## LEGAL STANDARD

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. At summary judgment, the movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).

Once the movants meet that burden, the non-movants may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). To survive summary judgment, the non-movants must present concrete evidence and rely on more than conclusory or speculative claims. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980). In assessing the record to determine whether genuine issues of material fact are in dispute, a court must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Parkinson v. Cozzolino,* 238 F.3d 145, 150 (2d Cir.2001).

## DISCUSSION

### I. ROTHMAN'S MOTION FOR SUMMARY JUDGMENT IS DENIED.

#### a. The Defendants are not collaterally estopped.

As an initial matter, Rothman's collateral estoppel arguments are contrary to law. Neither the the CCRB's findings, which substantiated a claim of "discourtesy" against Detective Wunsch (*See* Pl. Br. at 16-17) nor this Court's statements in an opinion disposing of a a pre-answer motion to dismiss precludes the Defendants from asserting a defense of qualified immunity.

The doctrine of collateral estoppel prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding. *See Boguslavsky v. Kaplan*, 159 F.3d 715, 719-20 (2d Cir. 1998). Collateral estoppel applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Boguslavsky*, 159 F.3d at 720 (internal quotations omitted).

Collateral estoppel is inapplicable, because the issues investigated by the CCRB differ from those now before this Court. The CCRB determined whether Detective Wunsch's actions were "discourteous," which violates the NYPD Patrol Guide. (*See* Pl. Br., at 9). The instant proceeding is to determine whether Wunsch's actions were unconstitutional. Discourtesy and unconstitutionality are two very different things – as any attorney qualified to practice in this court ought to know.

The CCRB did not address whether Detective Wunsch's actions constituted an unlawful seizure in violation of the Fourth Amendment, or whether those actions were reasonably justified

under the circumstances. Therefore, Defendants are not collaterally estopped from arguing that Detective Wunsch's seizure of the pen was reasonable within the meaning of the Fourth Amendment.

Likewise, it is of no consequence that the Court denied the motion to dismiss the claims against Wunsch on the basis of qualified immunity. The litigants are well aware that when reviewing a motion to dismiss, "a court must accept as true all of the allegations contained in a complaint . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (see also Dismissal Order at 10). Therefore, it is incorrect to say that this Court ever "decided" that Wunsch lacked a reasonable justification for his actions. I did no such thing. The Court merely concluded that Rothman's allegation to that effect, supported by Rothman's version of the facts without permitting contradiction by Wunsch, was sufficient to survive a motion to dismiss. As it turns out (and I cannot pretend to be surprised), Wunsch's account of the story is substantially different from Rothman's and, if believed by a trier of fact, would permit the court to dismiss this action on the ground of qualified immunity or a jury to find in favor of defendant. For that we have to go to trial. Defendants are not collaterally estopped by the Dismissal Order, either.

### b. A genuine dispute exists as to the reasonableness of Wunsch's conduct.

Rothman can only obtain summary judgment on his constitutional claims if it is undisputed that Wunsch's actions "violated clearly established rights of which an objectively reasonable official would have known." *Mullenix v. Luna*, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)). When a plaintiff pleads a constitutional violation based on an unlawful seizure, reasonable justification for the seizure is a complete defense to liability. *See Douglas v. City of New York*, 595 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (citing *Weyant v. Okst*, 101 F.3d 845, 852

(2d Cir. 1996)). The same is true with regard to Rothman's state law claims: "New York law . . . grant[s] government officials qualified immunity on state-law claims except where the officials' actions are undertaken in bad faith or without a reasonable basis." *Jones v. Parmley*, 465 F.3d 46, 63 (2d Cir. 2006).

By contrast, summary judgment is inappropriate if a factfinder could conclude that Wunsch acted reasonably when he grabbed Rothman's pen. Whether the seizure was unlawful depends upon "the totality of the circumstances" -- matters which cannot be decided as a matter of law. *Carroll v. City of Monroe*, 712 F.3d 649, 651 (2d Cir. 2013) (internal alterations omitted) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985)).

As the court noted last year, "This is a 'he said-he said' case . . . ." (*See* Dismissal Order at 39). The parties continue to dispute critical fact questions that can only be resolved by at trial, and not as a matter of law. For example, Rothman states that even if he ". . . was loud at times and/or displayed frustration and/or impatience at times and/or made non-threatening physical gesticulations which his pen precisely in the manner that party Defendant Wunsch described . . ." this did not justify the seizure ". . . in light of the absence of threat or contact, the absence of any request or warning prior to seizing the pen, or simply moving further away from the pen." (See Pl.'s Br. at 12-13). On the other hand, Wunsch says he felt threatened by the pen at the time in light of his prior experiences. (*See* Def. Response to Pl. 56.1 ¶¶ 27-31). The parties also dispute who started the incident that culminated in the seizure: Rothman claims he was writing when Wunsch grabbed the pen, while Wunsch felt Rothman was threatening to use the writing utensil as a weapon.

The questions cannot be resolved by a court; they can only be resolved by a trier of fact, evaluating live testimony. Therefore, the resolution of this case still depends upon a factfinder's hearing each side's case, then making factual findings and credibility determinations.

Rothman's motion for summary judgment is DENIED.

## SCHEDULING ORDER

As this Court noted in the Dismissal Order, Fed. R. Civ. P. 1 provides that the civil rules are to be construed, administered and employed, by the court *and by the parties*, in a manner that promotes the just, speedy and inexpensive determination of cases. This remains a case that must be resolved at trial as soon as possible.

Currently, civil trials are suspended in this jurisdiction due to the COVID-19 pandemic and the stay-at-home order in effect in New York state.

Therefore, the court enters the following order: by June 15, 2020, each party must turn over to the other side a list of all witnesses it intends to call at trial and all documents and other exhibits it intends to introduce. No party will be permitted to call any witness or to introduce any document that does not appear on said list. The court suspends its usual rule for the submission of a pre-trial order, and there will be no final pre-trial conference.

From and after June 15, 2020, the parties are on 72 hours' notice for trial, provided that no trial shall be scheduled before civil jury trials have commenced in this courthouse. When called for trial the parties must appear; there will be no adjournments.

## CONCLUSION

Plaintiff's motion for summary judgment is DENIED.

The Clerk of the Court is directed to close Docket Numbers 77 and 78. This shall constitute the written opinion of the Court.

Dated: May 5, 2019

_____
Chief Judge

BY ECF TO ALL PARTIES