IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

JEFFREY ROTHMAN

    PLAINTIFF

    vs

THE CITY OF NEW YORK, etc.,
et al.,

    DEFENDANTS

                   *CIVIL No. <u>19-0225 (CM) (OTW)</u>*

                   *MEMORANDUM IN SUPPORT OF*
                   *PLAINTIFF ROTHMAN'S MOTION FOR*
                   *RECUSALOF THE HONORABLE*
                   *COLLEEN McMAHON FROM*
                   *FURTHER PARTICIPATION IN THIS*
                   *MATTER (PURSUANT TO 28 U.S.C.*
                   *SECTION 455 (a) and (b) (1))*

_____

JAMES MEYERSON
510 Fifth Avenue -3rd Floor @ #335
New York, New York 10036
(917) 570-5369
jimeyerson@gmail.com
ATTORNEY FOR PLAINTIFF-MOVANT JEFFREY ROTHMAN

*TABLE OF CONTENTS*

PAGE

*TABLE OF AUTHORITIES*                                            i

I. *INTRODUCTION*…………………………………….            1

II. *ARGUMENT*……………………………………….            7

III. *CONCLUSION*……………………………………            21

*TABLE OF AUTHORITIES*

PAGE

*CASES*:

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)......................  18

*Carey v. Piphus*, 435 U.S. 247, 55 L. Ed. 2nd 251,
98 S. Ct. 1042 (1978)...........................................  12

*Farrar v. Hobby,* 506 U.S. 103 (1992).......................  12

*Flores v. City of Mount Vernon*, 41 F. Supp 2nd 439
(S.D.N.Y. 1999)...................................................  11

*Liljeberg v. Health Servs. Acquisition Corp,*
486 U.S. 847 (1988)...............................................  7, 20

*Liteky v. United States*, 501 U.S. 540)1994).................  7

*OTHER AUTHORITIES*:

*28 U.S.C. Section 455*...........................................  1, 7

*42 U.S.C. Section 1983*..........................................  3

*"...And the Song Knows Rage"*, Morris, Wesley, New York
Times, Thursday, June 4, 2020...................................  17

*Rule 54 (b) of the Federal Rules if Civil Procedure*..............  20

*Section 1983 Plan of the United States District Court for the
Southern District of New York*......................................  10, 11

*The Advisory Committee Notes to the 2015
Amendment to Rule 26 (b) of the Federal Rules
Of Civil Procedure*...................................................  12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JEFFREY ROTHMAN

    PLAINTIFF

    vs

THE CITY OF NEW YORK, etc.,
et al.,

    DEFENDANTS

*CIVIL No. 19-0225 (CM) (OTW)*

*MEMORANDUM IN SUPPORT OF
PLAINTIFF ROTHMAN'S MOTION FOR
RECUSAL OF THE HONORABLE
COLLEEN McMAHON FROM
FURTHER PARTICIPATION IN THIS
MATTER (PURSUANT TO 28 U.S.C.
SECTION 455 (a) and (b)( 1))*

    Pursuant to *28 U.S.C. Section 455 (a) and (b)(1)* Plaintiff Rothman, by his attorney James I. Meyerson, respectfully requests that your Honor recuse yourself from further participation in this matter as the Judge of this Court who was randomly assigned at the outside of the litigation to preside over the litigation. Plaintiff Rothman requests that the case be re-assigned randomly to another judge of this Court going forward.

    Inter-related thereto, Plaintiff Rothman also respectfully requests that, as part of the recusal Order, the Court vacate all prior discovery related rulings and orders so that, under the auspices of the newly assigned judge of this Court, the regular and ordinary litigation discovery process afforded to litigants in this Court in other matters can go forward in this litigation without which Plaintiff Rothman has been and continues to be adversely impacted in his ability to fairly litigate his case. Finally and to the extent your Honor declines to recuse yourself from further participation in this litigation, Plaintiff

Rothman requests such other and further relief that advances his right to fairly litigate his case.

Plaintiff Rothman and his counsel seek your Honor's recusal because they believe that your Honor's impartiality might reasonably be questioned because of the appearance of personal bias or prejudice against Plaintiff Rothman.    Plaintiff Rothman and his counsel believe such because your Honor has made it manifestly clear, by your  Honor's multiple rulings, commencing with the Court's August 5, 2019 dated Memorandum Decision and Order (*Doc. # 37*) and continuing thereafter in your Honor's several subsequently issued Opinions and/or Orders including but not limited to the Court's  May 5, 2020 dated Opinion and Order (*Doc. #101*) denying Plaintiff  Rothman's Motion for Partial Summary Judgment on his Fourth Amendment seizure and pendent State-law claims against party Defendant New York City Police Department Detective Wunsch (*Doc. # 's 78-82, 95, 96 and 100*)  and including  but not limited to the Court's May 18, 2020 dated Order (*Doc. # 103*) denying Plaintiff Rothman's Spoliation Motion (*Doc. # 73*), that  your Honor has a hostility against Plaintiff Rothman  deriving solely from your Honor's unjustified view that Plaintiff Rothman's litigation should never have been commenced in this Court and that the litigation is a nuisance,  such notwithstanding that your Honor has acknowledged that  Plaintiff Rothman has a viable federal claim against party Defendant New York City Police Department Detective Andrew Wunsch and inter-related viable pendent State law claims against him, party Defendant New York City Police Department Sergeant Vincent Florez, and the party Defendant City of New York.

## I. *INTRODUCTION*

This litigation is about princ*iple*; not about princi*pal qua* money.  Plaintiff Rothman's legitimate purpose in instituting this litigation in this Court was not to make something out of nothing; far from that.  Plaintiff Rothman has spent his entire professional career as an attorney undertaking efforts on the part of those who have been abused by law enforcement officers to obtain some sense of justice for them as victims of the violation of their civil and constitutional rights (the rule of law); and to vindicate the rule of law without which rule of law the very essence of the nation would cease to be. See: June 7, 2020 dated Declaration of Jeffrey Rothman.    Plaintiff Rothman's purpose in bringing this litigation on his own behalf is likewise to vindicate the rule of law as a consequence of what he believes was the violation of the rules of law embodied in the nation's founding Constitution and its subsequent amendments when: (*a*) he engaged with party Defendant New York City Police Department Detective Andrew Wusnch and party Defendant New York City Police  Department  Sergeant Vincent Flores on December 13, 2017 and when in that engagement Plaintiff Rothman believed, rightfully so in the opinion of his attorney in this litigation, that he was subjected to conduct that violated not only the policies (rules of law) of the New York City Police Department but, as well and as importantly (perhaps more importantly), the  nation's rules of law that are memorialized in the provisions of the United States Constitution and in the post Civil War Civil Rights Act of 1871, 42 U.S.C. Section 1983, the latter of which was passed by Congress to provide the people of this country with remedies  in a federal court for the violation of constitutionally guaranteed rights which they have suffered at the hands of the agents of government  who have been entrusted with guaranteeing and protecting

3

those very rights –whatever the nature and value of actual physical and/or emotional

injuries associated with the violation of the guaranteed rights; and, when thereafter, (_b_) he

took various steps to secure some form of redress from the party Defendant City of New

York and from the party Defendants Wunsch and Florez for the unlawful conduct to

which he was subjected by law enforcement agents of the party Defendant City of New

York.

 The pre-federal Court litigation relief which Plaintiff Rothman sought from the party

Defendant City of New York in advance of the commencement of his litigation in this

Court included his eventually partially successful efforts to have the party Defendant City

of New York discipline party Defendants Wunsch and Florez for their conduct which

Plaintiff Rothman believed violated the policies of the New York City Police Department

but which efforts did not and could not seek to secure any relief for himself for the

violation of his federally guaranteed constitutional and civil rights, something which this

Court was designed provide  him and which was the reason why Plaintiff Rothman

ultimately commenced his litigation in this venue.

 Ultimately, this litigation in this Court seeks something that is infinitely more valuable

than princi_pal_, which is trivial.  It is about the value of the rule of law whose value is

infinite.[1]  It is something which should be honored and respected whatever the "monetary

value" that attaches to any physical and/or emotional injuries if any associated with the

constitutionally offensive conduct to which Plaintiff Rothman was subjected.

---

[1] This thought is a paraphrase of a quote from the late distinguished jurist Elbert Tuttle
who sat on the United States Court of Appeals for the Fifth Circuit during the civil rights
movement era of the 1960's. Judge Tuttle was addressing the worth of lawyer's labors on
behalf of civil rights litigants, which he deemed to be infinite in value, with the monetary
worth of whatever fee that the attorney might have to charge which he deemed to be
trivial in comparison to the attorney's labors in the vineyard of the civil rights struggle.

Lurking under the surface of the Court's analyses of the constitutional claims asserted by Plaintiff Rothman in this litigation, if it has not broken through the surface of the Court's several analyses staring with its initial August 5, 2019 dated Memorandum Opinion and Order (*Doc. # 37*) and going forward thereafter is not simply an annoyance by the Court that this litigation was even commenced but an overt hostility by the Court to the fact of the commencement of the litigation itself in this Court: that the litigation is unimportant and a burden to the Court's administration of its docket; that the litigation should not have been brought even though the Court acknowledged in its August 5, 2020 dated Memorandum Decision and Order that Plaintiff Rothman has asserted a viable federal Fourth Amendment claim against party Defendant New York City Police Department Detective Andrew Wunsch and to related pendent-New York State law claims against him, party Defendant New York City Police Department Sergeant, and the party Defendant City of New York .

Plaintiff and his counsel respectfully but vigorously disagree with the Court's manifestly conveyed view that this litigation is a nuisance to the Court and should never have been commenced. Plaintiff Rothman and his attorney believe that the Court's view in this respect has metastasized into open hostility and denigration of the very of fact of the litigation. They believe that the manifested hostility of the Court has had a very serious impact on the Court's review and analyses of the claims advanced by Plaintiff Rothman in this litigation and that were the subject of the Defendants Rule 12 (b) (6) Motion to Dismiss. The claims are in the judgment of Plaintiff Rothman and his counsel very important claims not simply to Plaintiff Rothman himself but, in the over-arching context of over-sight of police conduct by the party Defendant City of New York and

ultimately by the Court in enforcement of the rule of law in the litigation process in this Court, to the public at large.

The Court's open hostility has, as well, had a very serious impact the post August 5, 2019 decisions and Orders of this Court related to the discovery process to which Plaintiff Rothman was and is entitled-yes, entitled; and which Plaintiff Rothman was significantly denied this notwithstanding that virtually all plaintiff-litigants receive in virtually all constitutional and civil rights litigations that survive a pre-discovery Rule 12 Motion to dismiss.

Accordingly, Plaintiff Rothman and his counsel believe that this Motion for Recusal by your Honor, as the Judge assigned to preside over the litigation and to make substantive and procedural judgments in the litigation and to grant or deny relief associated therewith as it has on multiple occasions to this point in time, is necessary in order to address what Plaintiff Rothman and his counsel believe is the fundamentally hostile, unfair, biased administration of the litigation by the Court solely because of the fact that the litigation was commenced and because, in the view of Plaintiff Rothman and his attorney, the Court views the litigation to be waste of the Court's time. This litigation is not "nonsense" and the Court's reference to a position advanced by Plaintiff Rothman and his attorney set forth in the litigation is simply a misplaced, hostile, unfair, and biased view by the Court of the litigation as whole.

Plaintiff Rothman and the undersigned by no means seek to impugn your Honor's integrity by bringing the instant application. Your Honor is the well-respected Chief Judge of this Court. Plaintiff Rothman and the undersigned respect and appreciate your Honor's long service on this Court. However, both the substance and the tone of your

Honor's prior rulings and Orders in this case make it clear that the instant application is necessary and that the Court should grant the Recusal Motion.

With such as a preliminary contextual frame of reference, Plaintiff Rothman's counsel advances the following arguments in support of Plaintiff Rothman's Motion

## II. *ARGUMENT*

28 U.S.C. §455 (a) states that "[a]ny justice, judge, or magistrate judge of the United States *shall* disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. §455 (b) (1) states that "[h]e shall also disqualify himself … [w]here he has a personal bias or prejudice concerning a party …."  For the reasons set forth herein, your Honor should disqualify herself under either or both of these provisions.  A reasonable person viewing the Court's rulings and Orders issued in this case could conclude that your Honor is so jaundiced toward Plaintiff Rothman and his case that fair proceedings have been, and will continue to be, denied to him.

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." See:  *Liljeberg v Health Servs. Acquisition Corp.*,  486 U.S. 847, 865 (1988*).  See also: *Liteky v United States*, 510 U.S. 540, 557-558 (1994) (Kennedy, Blackmun, Stevens, and Souter, concurring):

> "Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." For present purposes, it should suffice to say that § 455(a) is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings. I think all would agree that a high threshold is required to satisfy this standard. Thus, under § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute.

> The statute does not refer to the source of the disqualifying partiality. And placing too much emphasis upon whether the source is extra-judicial or intra-judicial distracts from the central inquiry. One of the very objects of law is the impartiality of its judges in fact and appearance. So in one sense it could be said that any disqualifying state of mind must originate from a source outside itself. That meta-physical inquiry, however, is beside the point. The relevant consideration under § 455(a) is the appearance of partiality, see *Liljeberg*, supra, at 860, not where it originated or how it was disclosed."

Plaintiff Rothman does not request disqualification simply because he disagrees with the Court's rulings. Indeed, neither the Plaintiff Rothman nor his attorney has ever sought a judge's disqualification in any Court before which they has practiced this notwithstanding that Plaintiff Rothman has practiced before this Court for close to seventeen (17) years (since August of 2003) and according to PACER has been counsel for plaintiff-litigants in two hundred and eleven (211) cases in this District, alone, see: June 7, 2020 dated Declaration of Plaintiff Rothman submitted contemporaneous herewith; and this notwithstanding that Plaintiff Rothman's attorney has been practicing law in this Court, among other courts throughout the country including numerous Courts in the deep south of the nation for almost fifty years and according he has been counsel for plaintiff-litigants in hundreds of cases filed in this Court. See: June 7, 2020 dated Declaration of James I. Meyerson submitted contemporaneous herewith and his biographical information attached thereto.

However and because your Honor has indicated and manifested a hostility toward Plaintiff Rothman and Plaintiff Rothman's attorney simply for commencing the litigation because the Court has conveyed a personal view that it believes the case and the claims encompassed therein are therefore of little importance and because associated therewith the Court has issued rulings and Orders which have severely prejudiced Plaintiff by

8

limiting his ability to effectively litigate his case, the Court must grant Plaintiff Rothman's Recusal Motion.

In the Court's August 5, 2019 dated Memorandum Decision and Order granting in part and denying in part Defendants' Rule 12 Motion to Dismiss, the Court indicated from the outset that it deemed the case was much ado about nothing.  See: Memorandum Decision and Order (_Doc. # 37 at page 1_) (stating, after summarizing the facts of the case, that "[o]ut of this, Plaintiff and his attorney have fashioned a nine-count complaint alleging violations of the United States Constitution, the New York State Constitution, and New York State common law torts"; and stating that "[g]iven the value of the case, and consistent with Fed. R. Civ. P. 1, the Court has entered a scheduling order that will ensure the just, speedy, and inexpensive resolution of this case.").  The Court's scheduling order (_Doc. # 37 at pages 38-40_) stated as follows:

> "So what we have left is a case about whether Plaintiff is entitled to recover damages under federal and/or state law for the seizure of his pen (which was returned to him within minutes of its being taken from him), and/or for having papers thrown at him by Flores. All other claims have been dismissed.
>
> Fed. R. Civ. P. 1 provides that the civil rules are to be construed, administered and employed, by the court _and by the parties,_ in a manner that promotes the just, speedy and inexpensive determination of cases.
>
> As this is not a case in which the Court would charge punitive damages - that is apparent from the pleadings - any damages that might be awarded in the event Plaintiff prevails are likely to be negligible, and would be vastly exceeded by the cost of taking extensive discovery.  Moreover, none is really needed. This is a "he said-he said" case; Plaintiff has more or less told his story in the complaint, and the officer defendants can easily enough tell their version on the witness stand.
>
> In short, in order to dispose of this case expeditiously and at minimal cost, what the parties need is to go to trial as soon as possible."

Therefore, the court enters the following order: within sixty days of the date of this decision, each party must turn over to the other side all discovery required by Rule 26. By order of this court, such discovery includes (1) the name of every witness to the event alleged by Plaintiff and the name of every person within the NYPD who participated in any investigation thereof, together with (2) every single document, piece of paper, email or other electronic communication, memorandum, report or investigative note in its possession, custody or control concerning this incident and Plaintiff's subsequent complaint about it. For purposes of this order and this lawsuit, this applies to investigative notes of the NYPD, but not the CCRB, which is not a party to this case and which will not be added as a party to this case.[2]

In order to effectuate Rule 1, no depositions, requests for production of documents or interrogatories will be allowed, as these methods of discovery would not promote the speedy or inexpensive resolution of this case. The court has already ordered the parties to turn over all documents that are relevant to the remaining claims. Counsel can ask all the relevant

---

[2] Given all of the information which was accumulated by the New York City Civilian Complaint Review Board (CCRB) as a consequence of its investigation of Plaintiff Rothman's Complaint to it, including Plaintiff Rothman's own statement to the CCRB as well as the statements of party Defendants New York City Police Department Detective Wunsch and Sergeant Florez, Plaintiff Rothman sought to have the Court require the party Defendants to produce the City agency investigatory file of the incident after the Court expressly declined to allow the Plaintiff access to such in its August 5, 2018 Memorandum Decision and Order (Doc. # 37) because the CCRB had not be named as a party Defendant even though it is an agency of the City of New York and the City of New York is a named party Defendant to the litigation.
  Consistent with its hostility to the case because the case was filed and the Court does not deem such to be anything but a nuisance and not something worth its times to administer, the Court declined to permit Plaintiff Rothman to have access to the materials when Plaintiff Rothman sought to have access to the same (*Doc. #'s 41, 42, 46, 48, 51*).
  Such is particularly problematic given that, under relevant provisions of the Section 1983 Plan of this Court to which this case was initially assigned per the Individual Rules of your Honor (*(Doc. # 8)* but which your Honor implicitly if not explicitly opted out on your own per the Court's August 5, 2019 Memorandum Decision and Order (*Doc. # 37*) when the Court otherwise ordinarily does not do so, the information would have been required to be produced.
  As it turns out, the party Defendant City of New York elected to produce the CCRB materials notwithstanding the Court's ruling otherwise although the party Defendant City did not provide Plaintiff Rothman with information and documents about any relevant complaints previously filed with the CCRB about the conduct of party Defendant Wunsch and/or Florez if any, which would, under the Southern District #'s Section 1983 Plan, have been required to be produced.

questions they want to the witnesses who are called at the trial of this action. [3]

By October 30, 2019, each party shall turn over to the other side a list of all witnesses it intends to call at trial and all documents it intends to introduce. No party will be permitted to call any witness or to introduce any document that does not appear on said list. The court suspends its usual rule for the submission of a pre-trial order and there will be no final pre-trial conference.
From and after October 31, 2019, the parties are on 72 hours' notice for trial. When called for trial the parties must appear; there will be no adjournments."[4]

The Court has presided over many cases involving the violation of constitutional rights; and Court has acknowledged their sanctity.  See: *Flores v. City of Mount Vernon*, 41 F. Supp. 2d 439 (S.D.N.Y. 1999).  Moreover, the Court is aware that the value of the

---

[3] The Court made no reference whatsoever to foreclosing the Plaintiff from utilizing the Federal Rules of Civil Procedure mechanism of Requests for Admissions, something which Plaintiff Rothman served but which the party Defendants refused to even consider. Consistent with its manifested hostility, Plaintiff Rothman has had no success in getting your Honor to even address (*Doc. #'s 70, 71, 72, 73, 75, and 103*).

[4] Not insignificantly, by the August 5, 2018 Memorandum Decision and Order (*Doc. # 37*) your Honor on your own took this litigation out of the Section 1983 Plan of this Court to which it had been assigned (*Doc. # 8*) with all of the procedures associated therewith including early mandatory mediation which, Plaintiff Rothman and his counsel believe, would have navigated this matter to a successful resolution without all of the extended litigation in which we are now engaged.
In that regard and well before the party Defendants filed their Rule 12(b) Motion to Dismiss, Plaintiff Rothman's counsel made an absolutely reasonable proposal for resolution of this matter. No response was forthcoming form the party Defendants' counsel. Since that time and to this very date, Plaintiff Rothman's counsel has made revised demands which are totally reasonable and which in the judgment of Plaintiff Rothman's counsel could likely have resolved this matter but for the intransigence of the party Defendant City's Law Department which seems to have adopted the hostility toward Plaintiff Rothman's litigation that the Court has manifested and which now propels this Motion by your Honor for Recusal.
To the extent that Magistrate Judge Ona T. Wang's concluded that an in person settlement conference would be a "waste of time" and therefore she would not hold an in person settlement conference (*Doc. #'s 45, 51, 56, and 58*), such is an absolutely baseless observation growing out of the telephone conference call which was designed to set a date for the in person settlement conference; and about which Plaintiff Rothman's counsel disagrees.

11

vindication of constitutional rights does not lie in the amount of damages sought or the amount of damages likely to be recovered.  See: *Farrar v. Hobby,* 506 U.S. 103, 121 (1992) (O'Connor, J. concurring) ("*Carey* v. *Piphus*, 435 U.S. 247, 254, 55 L. Ed. 2d 252, 98 S. Ct. 1042 (1978), makes clear that an award of nominal damages can represent a victory in the sense of vindicating rights even though no actual damages are proved.").

The Advisory Committee Notes to the 2015 Amendment to Rule 26 (b) of the Federal Rules of Civil Procedure states in this regard:

> "It also is important to repeat the caution that the monetary stakes are only one factor, to be balanced against other factors. The 1983 Committee Note recognized "the significance of the substantive issues, as measured in philosophic, social, or institutional terms. Thus the rule recognizes that many cases in public policy spheres, such as employment practices, free speech, and other matters, may have importance far beyond the monetary amount involved." Many other substantive areas also may involve litigation that seeks relatively small amounts of money, or no money at all, but that seeks to vindicate vitally important personal or public values."

At present throughout New York City, and all around the nation, the streets are roiling in protest over the recent horrific death of George Floyd at the hands of the police in Minneapolis, Minnesota.  The importance of cases seeking to address and remedy police abuse of authority and the unlawful use of violence by the police has never been clearer. The failure of the New York City Police Department, of the Law Department of the party Defendant City of New York, and indeed of federal courts throughout the country including in this City to take serious and to effectively address lower level abuses of power, violence, and dishonesty by members of the law enforcement agencies including the New York City Police Department notwithstanding pontifications to the contrary that that they do take such claims seriously and they recognize the sanctity of the claims and rights at stake  –  create a direct line to violations of constitutional and civil rights by law

12

enforcement officers that produce much more catastrophic consequences, for example death, than the consequences that Plaintiff Rothman suffered for the violation of the very same constitutional right at issue (the Fourth Amendment guarantees against unlawful seizures of person and property).

And then the hue and cry goes out –how did this happen? And the reason such happens is because, when law enforcement officers are immune from accountability by a law enforcement agency or the municipality because the constitutional violation does not result in catastrophic injury and the claim is not given the seriousness that it is due –by the agency, by the municipality and, yes, by Courts, we, as a collective nation, reap what we have sown.

The constitutional and yes the pendent State law issues in this case are thus of great importance, beyond Plaintiff Rothman. Notwithstanding the absence of consequential physical and emotional injuries the litigation is all about the rule of law and its required respect by law enforcement officers with their vast powers and ability to kill someone and not be held accountable.  The litigation thus serves a vital public purpose. And the Court's initial August 5, 2019 dated Memorandum Decision and Order the Court's scheduling order associated therewith and the subsequent Opinions and Orders of this Court, have denigrated, rather than honored, the substantive constitutional claim that is at stake in this litigation; and the Court has done so because the Court  has a demonstrated hostility toward the case simply and solely because it deems the case to be irrelevant and a nuisance and a litigation which should never have been commenced.

 The individual party Defendants Wunsch and Florez are alleged to have crossed a very important line by resorting to unjustified physical aggression, and then by perjuring

themselves before the New York City Civilian Complaint Review Board ("CCRB"). In

its August 5, 2019 dated Memorandum Opinion and Order the Court described this

litigation as a "he said-he said" case, which of course is a very common state of affairs in

litigation.  In most civil rights cases the plaintiff-litigant and the law enforcement officer

defendant-litigant present very different narratives of what they claim occurred during the

incident in question.

In this litigation, however, the Plaintiff Rothman has been denied the opportunity to

use all of the normal discovery mechanisms - interrogatories, document requests,

depositions, or otherwise[5] - to seek, obtain and develop evidence that would provide him

the opportunity to establish (either on a summary judgment motion or at a trial) that his

narrative is the credible narrative; and that the individual party Defendants' narratives are

not credible.  Plaintiff Rothman has been unable to seek and obtain written discovery

concerning, for example, the individual Defendants' prior disciplinary histories, including

any prior history of similar misconduct or false statements.

Plaintiff Rothman has been unable to ask Detective Wunsch all sorts of discovery

relevant and potentially trial admissible questions concerning his career with the New

York City Police Department, including the reason why, as a Detective, party Defendant

Wunsch has been assigned to work behind a reception desk at police headquarters rather

than doing the functions ordinarily assigned to a New York City Police Department

detective.  Plaintiff Rothman has been unable to ask any questions of the individual party

---

[5] The Court has still not ruled upon that aspect of Plaintiff's November 25, 2019 Rule 72
Objections (*Doc. # 73*) which address Magistrate Judge Ona T. Wang's denial of Plaintiff
Rothman's Motion related to his Request for Admissions that were served upon the party
Defendants. Magistrate Judge Wang's discovery rulings in this case - all of which have
been against Plaintiff Rothman- have been based explicitly upon the Court's August 5,
2019 dated  Memorandum Opinion and Order and the scheduling aspect set forth therein.

Defendants Wunsch and Florez at depositions in order to probe their narratives in advance of the trial of this matter and to develop material for cross-examination in advance of the trial, as every other litigant in every other case may do (whether the litigant be a plaintiff- litigant or a defendant-litigant).[6]  Plaintiff Rothman has also been unable to take depositions concerning the failure of the party Defendant City to preserve the critical and highly probative (and missing) One Police Plaza security video footage depicting the inter-actions between Plaintiff Rothman and the individual party Defendants Wunsch and Florez on December 13, 2017 this notwithstanding the fact that Plaintiff Rothman's transmitted a timely and explicit December 28, 2017 dated preservation of evidence demand letter which was received by the party Defendant City well within thirty days of the December 13, 2017 incident when the preservation letter, which was addressed to then Corporation Counsel of the City of New York Zachary Carter, Esq., was personally served on him at his Office on December 29, 2017; and thereafter received by the New York City Police Department in early January, 2018.

In all of the many cases that Plaintiff Rothman has handled as an attorney on behalf of civil rights plaintiff-litigants, Plaintiff Rothman has never before encountered a limitation on discovery such as that which the Court has set in this matter.  See: June 7, 2020 dated Declaration of Plaintiff Rothman. The same is true of Plaintiff Rothman's attorney over the course of his long –too long perhaps- fifty year career as a civil rights attorney. See: June 7, 2020 dated Declaration of James I. Meyerson.

---

[6]  As this Court is aware, Federal Rules of Civil Procedure Rule 30 (a) (2) (A) (i) requires leave of Court for a party-litigant to take *more* than ten (10) depositions.  Neither Plaintiff Rothman nor his attorney is aware of any other litigation where a Court has limited a party-litigant to *less* than ten (10) depositions and has prohibited the party Defendants from taking any depositions whatsoever.

In the Court's August 5, 2019 dated Memorandum Decision and Order the Court ruled – at the very outset of the case and based only upon the pleadings and without having seen or heard any of any evidence – that it would not provide the jury a punitive damages instruction.  The Court did so notwithstanding  that a punitive damage instruction would absolutely be appropriate if a jury determined that the individual party Defendants Wunsch and Florez had committed perjury when each appeared before the before the New York City Civilian Complaint Review Board (CCRB) and gave statements under penalty of law to the CCRB investigators (as did Plaintiff Rothman); and/or if the jury concluded that either or both of the individual party Defendants Wunsch and Florez committed perjury about material facts relevant to the December 13, 2017 event when each took the witness stand during the trial of action.

Making a false official statement is a serious violation of Section 203-80 of the New York City Police Department's Patrol Guide (the governing policies, practices, and procedures of the New York City Police Department to which members of the police force, whatever their respective titles, are required to adhere).  Section 203-80 states - as it should - that, absent exceptional circumstances, a member of the New York City Police Department will be dismissed from the police department for intentionally making a false official statement.  The Court pre-judged the issue of punitive damages at the very outset of the case; and it did so because of its open hostility to the fact that Plaintiff Rothman commenced the litigation and the Court was punishing him for doing so just as in other aspects of its rulings and Orders described previously herein the Court was doing so.

In the Court's recent, May 18, 2020 dated Order Regarding Plaintiff Rothman's Motion for Sanctions (_Doc. # 103_), which denied Plaintiff's Rule 72 Objections

concerning the Defendants' failure to preserve the video evidence depicting the

December 13, 2017 incident that is the subject of the litigation and the claims

encompassed therein, the Court makes it abundantly clear that your Honor is possessed of

a hostility toward Plaintiff Rothman's litigation and is punishing him in every respect so

as to make it difficult, if not impossible, for him and his attorney to litigate the case

effectively.  In its one page May 18, 2020 dated Order, the Court held as follows:

> "Judge Wang provided a number of valid reasons for her denial, many of
> which stem from this Court's prior determination that 'no depositions,
> requests for production of documents or interrogatories will be allowed, as
> these methods of discovery would not promote the speedy or inexpensive
> resolution of this [he said-he said] case. (Dkt. No. 37 at 40.)'  For
> instance, Judge Wang explained that, even if spoliation had occurred
> (although there was no evidence that the Defendants had breached their
> duty to preserve relevant information), sanctions would be inappropriate
> since the video was of minimal relevance, given that the party's lone
> remaining dispute [sic] is over each party's perception of the pen incident,
> not the fact that such incident occurred. (Dkt. No. 72, at 9.) Furthermore,
> the magistrate found no potential for prejudice to Rothman even in the
> event of spoliation, given that he will have the opportunity to testify in
> open court about his recollection of the incident, and was already bound by
> the Court's order barring further discovery in this case."

Such makes no sense; and the Court knows such  In its perfunctory May 18, 2020

dated Order (_Doc. # 103_), the Court ignored all of the case-law cited by Plaintiff

Rothman; case law which discusses what is obvious to even any layperson: that video

evidence depicts in objective terms what occurred and what did not occur during an

incident.  Video evidence this is often dispositive with respect to credibility disputes that

arise as a result of the different testimonial narratives offered up by the contesting parties

about the event out of which the constitutional dispute arises.[7]  Thus the destruction of

---

[7] As the distinguished and award winning  New York Times culture critic  Wesley Morris
wrote in his published piece in the New York Times on Thursday, June 4, 2020 _"...And
the Song Knows are Rage"_: "It's video that is currently breaking open the United States,
again."  It's the video in this case which would have "broken open" the truth in this case;
and, ultimately resolved this case, it is believed as a matter of fact if not law, in Plaintiff

video evidence in this litigation is the profoundly prejudicial to a party that has demanded its preservation- in this case Plaintiff Rothman. Why we would make the preservation demand other than because what is has testified to as the narrative of the event is the true and accurate narrative. The destruction of the evidence by the party Defendant City of New York is especially prejudicial where Plaintiff Rothman is his only witness in support of his narrative (at least as Plaintiff Rothman believes such to be the case since he has been denied any effective discovery process to determine whether there were any other eye witnesses to the engagement between him and party Defendants Wunsch and Florez).

In the Court's multiple Opinions and/or Orders, your Honor has repeatedly emphasized that the trial of this action will turn on which of the narratives a jury finds more credible, Plaintiff Rothman's or those of the individual party Defendants Wunsch and Florez. See: the Court's May 5, 2020 dated Opinion and Order Denying Plaintiff's Motion for Partial Summary Judgment (*Doc # 101 at page 7*).

> "Likewise, it is of no consequence that the Court denied the motion to dismiss the claims against Wunsch on the basis of qualified immunity. The litigants are well aware that when reviewing a motion to dismiss, 'a court must accept as true all of the allegations contained in a complaint …' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (see also Dismissal Order at 10). Therefore, it is incorrect to say that this Court ever 'decided' that Wunsch lacked a reasonable justification for his actions. I did no such thing. The Court merely concluded that Rothman's allegation to that effect, supported by Rothman's version of the facts without permitting contradiction by Wunsch, was sufficient to survive a motion to dismiss. As it turns out (and I cannot pretend to be surprised), Wunsch's account of the story is substantially different from Rothman's and, if believed by a trier of fact, would permit the court to dismiss this action on the ground of qualified immunity or a jury to find in favor of defendant. For that we have to go to trial."

---

Rothman's favor. The video evidence would be the best proof of what Mr. Morris describes as the "counterfactual" to the law enforcement narrative and without which video memorialized "counterfactual" the law enforcement narrative holds far, far too much sway I the nation.

See also: the Court's May 5, 2020 dated Opinion and Order (*Doc. # 101 at pages 8-9*).

From the standpoint of a reasonable observer, the each of the references above and each collectively together exude a powerful aura of hostility by the Court toward Plaintiff Rothman deriving from the fact that Plaintiff Rothman, who the Court has repeatedly emphasized, often tartly, is a lawyer),[8] has brought this case at all.[9] While the Court was clearly constrained to recognize in its ruling on the party Defendants' Motion to Dismiss that Plaintiff had stated certain viable federal and pendent State law claims against party Defendant Wunsch and viable pendent State law claims against party Defendant Florez

---

[8] See: the Court's August 5, 2019 dated Memorandum Decision and Order (*Doc. # 37 at page two (2)*) (recognizing that Plaintiff Rothman participated in working on the pleadings and stating: "[o]ut of this, Plaintiff and his attorney have fashioned a nine-count complaint alleging violations of the United States Constitution, the New York State Constitution, and New York State common law torts."); see also, the Court's 8/5/19 dated Memorandum Opinion and Order at page 16 ("Indeed, according to Plaintiff (who is a lawyer, and who knows how to plead an excessive force claim), Wunsch grabbed only the pen, not Plaintiff himself."); see also: the Court's May 5, 2020 dated Opinion and Order (*Doc. # 101 at page 6*) ("The instant proceeding is to determine whether Wunsch's actions were unconstitutional. Discourtesy and unconstitutionality are two very different things - as any attorney qualified to practice in this court ought to know.").

[9] The Court has also suggested that Plaintiff Rothman should really have been satisfied with the New York City Police Department's disciplinary response to the incident, and reiterated its view that Plaintiff had tried to make a big deal out of a small thing. See: May 5, 2020 dated Opinion and Order (*Doc. # 101 at page 1*) denying Plaintiff Rothman's Motion for Partial Summary Judgment ("This action arises from an altercation that took place on December 13, 2017, when one of the Defendants, New York City Police Detective Andrew Wunsch, grabbed a pen from the hand of Plaintiff Jeffrey Rothman. Dissatisfied with the New York Police Department's disciplinary response to the incident, Rothman filed a nine-count complaint against Wunsch, his supervisors, the NYPD's top brass, and the City, alleging violations of the United States Constitution, the New York State Constitution, and causes of action sounding in New York State common law."). Whatever the Court's view of whether Plaintiff Rothman should or should not have been satisfied with the New York City Police Department's disciplinary response to the incident (which Plaintiff Rothman did not even know at the time this case was filed, as the CCRB mailed the disposition letters to the wrong address), such certainly does not bear on the Court's responsibility to adjudicate the case neutrally and without hostility and bias toward Plaintiff Rothman's as is manifest throughout the written record of this case to date.

(and inter-related to the pendent State law claims against the party Defendant City of New York), it is equally clear that that your Honor considers Plaintiff Rothman's litigation and his claims viable claims to be a waste of the Court's time and without value to him, to the public at large in his status as a "private attorney general" enforcing the provisions of the nation's constitution and its civil rights laws for which blood has been spilled, and to the Court itself.

Plaintiff Rothman seeks only a fair playing field upon which to litigate his matter in this Court. It has been denied to him by your Honor at every phase of this litigation to date. The fact that Plaintiff Rothman is an attorney does not mean that his rights as a litigant should be valued less than any other plaintiff-litigant.

Thus, Plaintiff Rothman respectfully moves that your Honor recuse yourself from presiding over further proceedings in this case, and that a new judge be randomly assigned with full responsibilities to consider and to re-consider all matters heretofore addressed by this Court to date. See: *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 859-60 (1988) (finding that vacatur is appropriate regardless of "whether or not the judge actually knew of facts creating an appearance of impropriety"). Further and if your Honor declines to disqualify yourself, Plaintiff Rothman requests that your Honor re-consider all of the prior rulings in this case and put in place a discovery schedule that provides the parties with the right to the normal mechanisms of discovery which they have been denied to this point. See: *Rule 54 (b) of the Federal Rules of Civil Procedure* ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties…may be revised at any

time b efore the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

III. *CONCLUSION*

For all the reasons set forth above, the Court should grant the requested relief.

DATED: New York, New York
            June 7, 2020

/s/ *James I. Meyerson*
JAMES MEYERSON
510 Fifth Avenue -3rd Floor @ #335
New York, New York 10036
(917) 570-5369
jimeyerson@gmail.com
ATTORNEY FOR PLAINTIFF-MOVANT


TO:
THE HONORABLE Colleen McMahon
United States District Judge and Chief Judge
Southern District of New York
United States Courthouse
500 Pearl Street-Suite # 2550
New York, New York 10007

BRIAN FRANCOLLA, ESQ.
Senior Counsel
City of New York
Special Federal Litigation Division
100 Church Street
New York, New York 10007
(212) 356-3527
(212) 356-3509 (FAX)
bfrancol@law.nyc.gov
ATTORNEY FOR DEFENDANTS CITY OF NEW YORK, WUNSCH, AND FLOREZ