UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY ROTHMAN,<br><br>          Plaintiff,<br><br>    -against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>          Defendants. | No. 19 Civ. 225 (CM) |

McMahon, C.J.:

  The court, for its rulings on the City's *motions in limine*:

 *1. Motion in Limine to Preclude Evidence Relating to the CCRB Investigation*

  The City moves to preclude the introduction of any evidence relating to the claim filed by the plaintiff with the Civilian Complaint Review Board and the CCBR's subsequent investigation and findings. The motion is GRANTED IN PART and DENIED IN PART.

  In order to prevail at this trial, Mr. Rothman must prove (i) that Officer Wunsch unlawfully seized his pen in violation of the United States Constitution; (ii) that Officer Wunsch committed the tort of conversion by seizing his pen, in violation of the common law of the State of New York; (iii) that Officer Wunsch committed the tort of battery by seizing the pen, also in violation of the common law of the State of New York; and (iv) that Officer Flores committed the tort of assault by throwing papers at the plaintiff, in violation of the common law of the State of New York. He does not need to prove that (i) Officer Wunsch acted discourteously, as found by the CCRB; or (ii) that Officer Flores acted discourteously, a claim rejected by the CCRB; or (iii) that either officer abused his authority, a claim also rejected by the CCRB. Therefore, there is no need for the jury to know what the CCRB was asked to decide, or what it did decide. Introducing that evidence would be confusing to the jury, because there is no correlation, in law or logic, between discourtesy or abused of authority, on the one hand, and unlawful seizure under the United States Constitution or any of the common law torts pleaded by the plaintiff. The proposed evidence is, therefore, irrelevant and will not be admitted. Fed. R. Evid. 401 ("Evidence is relevant if it (a) it has any tendency to make a fact more or less probable than it would be without the evidence…").

  To the extent that either officer gave testimony before or submitted written statements to the CCRB, those statements are party admissions that may be used by the plaintiff for any

purpose. Fed. R. Evid. 801(d)(1) & (2). Mr. Rothman may introduce them into evidence as part of his case in chief, or he may use them on cross examination to impeach the officers. In order to make use of them, he may identify them as statements made before the Civilian Complaint Review Board. The court will instruct the jury that the CCRB was asked to look into this matter; that the defendants made statements in connection with that investigation, which they may consider as evidence in this case; that the CCRB was not asked to answer the questions that are being submitted to the jury in this case; and that any findings that may or may not have been made by the CCRB are of no concern to the jurors, and they are not to speculate about the results, if there were any, of that investigation.

2. Motion in Limine *Concerning References to the City of New York*

The City next moves for an order precluding the plaintiff from (i) referring to the City of New York as a party defendant; (2) referring to Corporation Counsel as "City lawyers;" or (3) referring to the fact that the Officer Defendants will be indemnified by the City. The motion is GRANTED IN PART and DENIED IN PART.

The City of New York is a defendant. I intend to make mention of that fact at the outset of the case and I am required to make mention of it when I charge the jury. Mr. Rothman may refer to the City as a defendant. If he goes overboard and it becomes apparent that he is making references for no apparent reason, he can expect to be admonished and precluded from making further mention of that fact.

The Corporation Counsel will be referred to in my courtroom as "Corporation Counsel." That is how they are always referred to in my courtroom. Despite Mr. Rothman's insinuations, there is nothing improper about the City's providing representation for the Officer Defendants through the Law Department – indeed, the law provides for it – and any effort to inject such suggestions into this case, or to inflame the jurors by making mention of this fact (which is irrelevant to the proof of any of plaintiff's claims) will be met by an admonition, followed by a warning, followed by the very real possibility of sanctions.

There will be no mention whatsoever of indemnification. It is not offered to prove bias or prejudice and it is not needed to prove that the officers were agents of the City of New York; its probative value on those points is outweighed by prejudice. Fed. R. Evid. 411, 403.

3. Motion in Limine *to Preclude Evidence Relating to Dollar Amounts*

This motion is GRANTED. Mr. Rothman may not mention that he is seeking any particular dollar amount in damages. He may also not give a speech from the witness stand, or in his opening or his closing, concerning his reasons for bringing this lawsuit ("principle, not principal"). His reasons for bringing this action are irrelevant to the issues he needs to prove, which are the liability of the Officer Defendants and damages, if any.

If Mr. Rothman fails to prove damages, the court will instruct the jury that it may only award him nominal damages, not to exceed $1, if appropriate.

4. Motion in Limine *to Preclude Mention of Video Footage and the Failure to Retain Same*

Finally, the City moves for an order precluding plaintiff from mentioning that video footage of the incident was not retained. It was destroyed pursuant to a policy of the NYPD to retain video footage from cameras at One Police Plaza for 30 days, after which it is automatically destroyed. The motion is GRANTED, albeit with a caveat, as explained below.

Magistrate Judge Wang previously denied a spoliation motion after eliciting the following evidence: the incident that underlies this lawsuit took place on December 13, 2017. Plaintiff's counsel wrote a demand letter seeking the preservation of any video evidence on December 29, 2017 (which, as it happens, was a Friday, and the Friday before the three day New Year's Day holiday weekend to boot). One copy of that letter was hand delivered to the Office of the Corporation Counsel; another copy was sent by certified mail to the NYPD at One Police Plaza, where the videotape was located. The NYPD did not receive the letter until January 10, 2018, where it was in-processed on January 12, 2018. But January 12, 2018 is the day when the video was destroyed pursuant to the automatic retention-destruction plan. By the time the custodian of the videotape had notice of counsel's demand for preservation, there was nothing left to preserve. (Dkt. No. 72.)

As this court concluded when it held that Judge Wang's order was not clearly erroneous (Dkt. No. 103, the spoliation motion was properly decided. The learned Magistrate Judge found no deliberate wrongdoing; there was no intentional effort to get rid of adverse evidence in the face of a demand for its preservation. As a result, the sanctions sought by plaintiff (including dismissal of the case or an adverse inference charge) may not be imposed, *See* Fed. R. Civ. P. 37(e)(2), and any renewed request for such sanctions by plaintiff will be denied.

Because there was no intentional spoliation, Rule 37 does not permit a jury to draw an adverse inference from the unintentional destruction of electronic evidence – even if that unintentional destruction occurs after a demand for preservation of said evidence. Therefore, the fact that there once was a tape, and that it was destroyed, should not be conveyed to the jury, because the only reason for telling the jury about the destruction of the videotape is to ask them to infer that the tape's contents were favorable to the plaintiff – i.e., to draw an adverse inference against the defendants. The prejudice from telling the jury that there was a videotape of the incident and that the tape was destroyed after the sending of a demand letter is very great, and while the jury could be told that the tape was not intentionally or knowingly destroyed, and that they are not to hold the destruction against the defendants, I conclude that any probative value in the fact of the destruction (which, in light of Rule 37, seems non-existent) is significantly outweighs by that prejudice. For that reason, the jury may not be told that there was at one time a tape, or that the tape was destroyed.

However, there is a "lack of evidence" argument to be made, just as there would be if no demand letter had been sent or if no videotape had ever been made. Therefore, this ruling does not preclude the plaintiff from arguing to the jury that there is a lack of evidence because there is no videotape of the incident. Plaintiff may not, however, tell the jury that there once way a videotape, and may not tell the jury why there is no longer any videotape. And plaintiff may not ask the jury to infer that if there were a videotape it would support his version of events.

Defendants are of course free to argue that the lack of a videotape does not matter, because the evidence with which the jury was presented demonstrates that the defendants did not commit any common law or constitutional tort. However, that is all that Defendants can say on the subject. They cannot say that the lack of evidence makes it just as likely that the officers are telling the truth as that Mr. Rothman is telling the truth.

This constitutes the decision and order of the court. It shall be publicly posted as a written decision. The Clerk is directed to remove the motions at Docket Nos. 104, 106, 108 and 110 from the court's list of open motions.

Dated: New York, New York
September 18, 2020

_____
Chief Judge

BY ECF TO ALL COUNSEL