James I. Meyerson
510 Fifth Avenue- 3rd Floor (#335)
New York, New York 10036
(917) 570-5360
jimeyerson@gmail.com
ATTORNEY AT LAW

October 3, 2020

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street-Suite # 24A
New York, New York 10007-1312

RE: Jeffrey Rothman vs The City of New York, etc., et al. /19 Civ 0225 (CM) (OTW)

Your Honor:

   On September 24, 2020 the parties appeared before your Honor at the Final Pre-trial Conference (See: *Docket Sheet 09/24/20 Minute Entry*). The trial is scheduled to commence on Tuesday October 6, 2020. At the Final Pre-trial Conference your Honor made rulings on the admissibility of the several Plaintiff's Proposed Trial Exhibits which had been pre-marked and which Plaintiff listed as Exhibits which he might utilize at the trial and/or offer into evidence. [1]

   Per your Honor's procedures and practices the Court ruled on the admissibility or non-admissibility of the Plaintiff's listed Exhibits. As to some, the Court admitted the Exhibits into evidence. As for others the Court denied admissibility and deemed them to be excluded from the record (*Docket Sheet 09/24/20 Minute Entry*). The Court admitted *Plaintiff's Exhibit #'s 12, 12 (a), 14, 14 (a), 25, 26, 34, 35, and 38* (*Doc. # 155*). Subsequent thereto and per a written communication (*Doc. # 145*), Plaintiff Rothman informed the Court that he was withdrawing *Plaintiff Exhibit #'s 12, 12 (a), 14, 14 (a) and 38*, while reserving his right to utilize those Exhibits in the cross examinations of Defendants Wunsch and Florez (*Doc. # 145*). The Court granted the Plaintiff's Request to withdraw *Plaintiff Exhibit #'s 12, 12 (a), 14, 14(a) and 38* (*Doc. # 155*).

   The Court did not hear any argument by the Plaintiff on the admissibility or non-admissibility of the Plaintiff's Proposed Exhibits. The Court informed the Plaintiff that, to the extent that the Court ruled against admissibility on any specific proposed Plaintiff Exhibit, an exception to such by the Plaintiff would automatically be duly noted and that the Plaintiff was not required to state

---

[1] Plaintiff has obtained a copy of the transcript of the Pre-Trial conference. It is provided herewith for the Court's convenience. In addition and again for the convenience of the Court, the Plaintiff has provided herewith copies of *Plaintiff's Exhibit #'s 1, 2, 3, redacted 35, and un-redacted 35*, each of which is relevant to Plaintiff Rothman's Request herein.

on the record an exception to each Court ruling which denied admissibility of a proposed Plaintiff Exhibit.

Subsequently, the Court issued a written Order respecting *Plaintiff's Exhibit # 35* which had been admitted in whole into evidence at the September 24, 2020 dated Final Pre-trial conference. The Court ruled that only "handwritten notes that were made during the incident at One Police Plaza on December 13, 2017" may be introduced" (*Doc. # 155*). Along with admitted *Plaintiff Exhibit #'s 25, 26, and 34*, Plaintiff has provided your Law Clerk, Chloe Lewis, Esq., with a copy of *the now redacted Plaintiff Exhibit #35*.

Per this letter, Plaintiff Rothman requests that, on October 6, 2020 and prior to the commencement of trial on that date after jury selection has been completed, he be provided an opportunity to proffer evidence and addressing the Court's ruling *Plaintiff's admitted redacted Exhibit # 35*:specifically about the redactions and the admissibility of Plaintiff's un-redacted document in whole.[2] In addition Plaintiff Rothman requests the opportunity to proffer evidence and argument at that time addressing the Court's ruling that *Plaintiff Exhibit #'s 1 and 3*[3] would not be admitted into the trial record either in whole or in redacted part. Finally Plaintiff Rothman requests that at that time he be provided an opportunity to proffer evidence and argument addressing the Court's ruling that *Plaintiff Exhibit # 2*[4] would not be admitted into the trial record either in whole or in redacted part.

As to *Plaintiff's Exhibit # 35*, the Plaintiff believe that all of the notes set forth in the document constitute a business record under *Rule 803 (6) of the Federal Rules of Evidence.* Thus and as a business record *Plaintiff's Exhibit # 35* should be admitted into evidence in whole and in an un-redacted fashion as an exception to the rule against hearsay. The notes memorialized in *Plaintiff's Exhibit # 35* relate to the service by Plaintiff Rothman in the course of a litigation which he was conducting as an attorney for a retained client and pursuant to his regular business practices for serving process. Alternatively, the affected notes constitute "present sense impressions" under *Rule 803 (1) of the Federal Rules of Evidence*, as they are "[a] statement[s] describing or explaining an event or condition, made while *or immediately after* the declarant perceived it." (Emphasis added). Plaintiff Rothman's redacted notes constitute a description of what Defendants Wunsch and Florez did to him while he was inside of One Police Plaza. They

---

[2] *Plaintiff's Exhibit # 35* memorializes Mr. Rothman's service related notes on a copy of the Summons that, along with a Complaint, he was serving at One Police Plaza on December 13, 2017.

[3] *Plaintiff's Exhibit #'s 1 and 2* are respectively the Proof of Service and the Amended Proof of Service of the Summons and Complaint on December 13, 2017 at One Police Plaza, each of which Mr. Rothman wrote, and executed, and filed in this Court's public record of the case in which Plaintiff Rothman was then representing a client in a litigation against New York City police officers.

[4] Plaintiff's Exhibit # 2 is Plaintiff Rothman's letter to the Corporation Counsel and the NYPD Deputy Commissioner for Legal Matters which memorializes his Request that Wunsch and Florez be disciplined for their actions on December 13, 2017 and that the security video recordings be maintained and retained by the City and not destroyed.

were made were immediately after he left One Police Plaza.  Plaintiff Rothman had not had the opportunity to record those brief notes "during the course of the incident" event itself inside of One Police Plaza on December 13, 2017 due to the nature of the incident which is the subject matter of this very litigation.  He was unable to record all of the notes "during the incident" itself because of the direction given to him by Defendant Florez during the incident to leave the premises and the Plaintiff's submission to that direction.[5]  That being said, he recorded the note almost immediately after he left One Police Plaza and returned to his office, a very short distance from One Police Plaza.

   As for *Plaintiff's Exhibit #' 1 and 3*, each is a business record: a Proof of Service, and an Amended Proof of Service[6]. Under the Rules of the United States District Court, Plaintiff Rothman - as counsel to the plaintiff in the litigation in which he was then serving process - was required to prepare, execute, and file the Proof of Service business documents in the public record of the litigation associated with the service of the Summons and Complaint on a party Defendant in that litigation. The failure by Mr. Rothman to do so, and the failure by Mr. Rothman to do so truthfully and in a manner and fashion describing the circumstances of the service, could have had consequences for his client if the service was challenged by the individual who was served or if the individual who was served failed to respond to the Summons and Complaint; and it could have had consequences for Mr. Rothman himself. Not insignificantly, all of the notes memorialized in *Plaintiff's Exhibit # 35* were utilized by the Plaintiff in preparing the December 14, 2017 dated and filed Proof of Service; and all of the notes were relevant to the actual service made on Florez on December 13, 2017 (as recorded by Plaintiff Rothman in the Proof of Service document).

   Finally and as to *Plaintiff's Exhibit # 2*, at the September 24, 2020 dated Final Pre-trial Conference the Court ruled at pages 6-8 of the transcript of the conference proceedings that the *Plaintiff's Exhibit # 2* was not admissible as evidence in the trial record. As part of its ruling the Court stated to Mr. Rothman, "Fine.  You can testify that you made a demand [for preservation of the video footage]."  Previously and at page four (4) of the Court's September 21, 2020 Order (*Doc. # 139*), the Court ruled:

> "However, there is a "lack of evidence" argument to be made, just as there would be if no demand letter had been sent or if no videotape had ever been made.

---

[5] The Advisory Committee notes to *Rule 803 of the Federal Rules of Evidence* state that "[w]ith respect to the *time element*, Exception [paragraph] (1) recognizes that in many, if not most, instances precise contemporaneity is not possible, and hence a slight lapse is allowable." (Italics in original).  It is also unnecessary to know with exactitude precisely how many minutes after the incident Mr. Rothman wrote these entries for the present sense impression exception to apply. See:  *United States v. Blakey*,  607 F.2d 779, 785-86 (7th Cir. 1979).

[6]  In the Amended Proof of Service, the date of the service made on December 13, 2017 was corrected from a mistakenly recorded September 13, 2017 date to the correct December 13, 2017 date. The Amended Proof of Service was otherwise identical to the initial Proof of Service, the latter of which, pursuant to Plaintiff Rothman's regular business protocols in his practice as an attorney, was executed and filed with the Court on December 14, 2017, one day after the event that forms the basis of this litigation.

> Therefore, this ruling does not preclude the plaintiff from arguing to the jury that there is a lack of evidence because there is no videotape of the incident. Plaintiff may not, however, tell the jury that there once way [sic] a videotape, and may not tell the jury why there is no longer any videotape. And plaintiff may not ask the jury to infer that if there were a videotape it would support his version of events."

The Court's rulings as they presently stand place Plaintiff Rothman in an unfair Catch-22 situation.  If Plaintiff Rothman indeed testifies to the jury that he wrote a letter demanding the preservation of  video footage – evidence which is critical to his narrative, which is a highly probative evidence  concerning the truthfulness of his narrative, and which is potentially claim resolving evidence  - but his letter is not itself presented to the jury, then the jury may, pursuant to whatever "lack of evidence" instruction the Court eventually gives the jury, consider the absence of the letter in evidence and conclude, albeit without any basis for such, that Plaintiff Rothman did not testify truthfully on the witness stand about transmitting a written preservation demand.  Such would be entirely unjust, as it is undisputed that Plaintiff Rothman did send a written preservation demand (which Plaintiff has asked be entered into evidence, and which the Court has excluded from evidence).  Unlike the video footage, Plaintiff's written preservation letter very much exists.

Thus and in light of the Court's prior rulings, Plaintiff Rothman would ask at the requested on the record pre-commencement of the trial proffer of evidence and argument conference either: (*a*)that the Court  instruct the jury that, by letter dated December 28, 2017, Plaintiff Rothman demanded that the Corporation Counsel of the City of New York and the Deputy Commissioner for Legal Matters for the New York City Police Department preserve any video footage depicting Plaintiff Rothman's interactions with Defendants Wunsch and Flores, and that that letter was hand-delivered on December 29, 2017 at the Office of the Corporation Counsel, and also sent by certified mail on December 29, 2017 to the NYPD's Deputy Commissioner for Legal Matters, and that neither Mr. Rothman's December 28, 2017 letter, nor any video footage, will be presented to the jury at this trial; or (*b*) that the Court permit Plaintiff Rothman's December 28, 2017 letter to be entered into evidence in redacted form (leaving unredacted Mr. Rothman's demand that the video footage be preserved, and Mr. Rothman's demand that Defendants Wunsch and Florez be disciplined for their conduct).

Sincerely yours,
/s/ *James I. Meyerson*
James I. Meyerson
JIM
copy (by ecf transmittal):
Brian Francolla, Esq.
Maria Fernanda DeCastro, Esq.
Jeffrey Rothman, Esq.